IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ███████, a minor child, ████ ████, a minor child, each by and through their NEXT FRIEND and natural mother Beth Miller, BETH MILLER and FRANK MILLER individually and as Parents and Natural Guardians of their minor son and daughter, <br><br> Plaintiffs, <br><br> v. <br><br> MCDONALD'S CORPORATION, CHRISTIAN FOODS, L.C. and ALEX BISHOP, INC., <br><br> Defendants. | Case No. 07-cv-1802 <br><br> State Court Case No. 0711-7552 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, McDonald's Corporation ("McDonald's") removes the above-captioned action, presently pending in the Circuit Court of St. Charles County, Missouri, Case No. 0711-7552, to the United States District Court for the Eastern District of Missouri, Eastern Division. As grounds for removal to this Court, McDonald's states as follows:

I.  **Factual Background**

1.  On September 24, 2007, plaintiffs commenced this action by filing a petition ("Petition") with the Clerk of the Circuit Court of St. Charles County, Missouri.

2.  Plaintiffs provided copies of the summonses and the Petition to employees at McDonald's restaurants operated by the three defendants on September 27, 2007. But it is

705881v1

disputed that plaintiffs effected proper service under Rule 54.13(b)(3) of the Missouri Rules of Civil Procedure.

3. Pursuant to the Court's Local Rule 81-2.03, copies of all process, pleadings, orders and other documents on file in the state court are attached as Exhibit A.[1]

4. Plaintiffs are residents and citizens of the State of Missouri. (Petition ¶ 1.)

5. Defendant McDonald's is a corporation organized and existing under the laws of the State of Delaware (Petition ¶ 6) with its principal place of business in Oak Brook, Illinois. Accordingly, it is a citizen of both Delaware and Illinois for purposes of 28 U.S.C. § 1332(c)(1).

6. Defendant Christian Foods, L.C. is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in Missouri. (Petition ¶ 8.)

7. Defendant Alex Bishop, Inc. is a corporation organized and existing under the laws of the State of Missouri with its principal place of business in Missouri. (Petition ¶ 10.)

8. Defendants Christian Foods, L.C. and Alex Bishop, Inc. (hereinafter collectively referred to as the "Franchisee Defendants") are not, and never have been, manufacturers of McDonald's French fries, hash browns or other food products. (Declaration of David J. Giarla, attached as Exhibit B, ¶ 6; Declaration of Deborah L. Bishop, attached as Exhibit C, ¶ 5.)

9. All counts in the Petition are generically directed toward all "Defendants." Plaintiffs broadly assert claims against all three defendants for strict product liability, negligence,

---

[1] Pursuant to Local Rule 5-2.17, the names and dates of birth of the minor children have been redacted from Exhibit A. An unredacted copy of Exhibit A will be filed under seal with the Court.

705881v1

breach of express and implied warranties and a violation of the Missouri Merchandising Practices Act, codified at R.S.Mo. § 407.020, *et seq.* (Petition ¶¶ 52-125.) Plaintiffs request present and future compensatory damages, punitive damages and attorneys' fees. (*See* "Wherefore" allegations immediately following Petition ¶¶ 61, 75, 88, 98, 105, 112 and 125.)

10. The only allegations in plaintiffs' Petition that pertain only to the Franchisee Defendants are either jurisdictional in nature (Petition ¶¶ 8-11, 19) or address alleged terms of franchise agreements concerning the distribution of nutritional information received from McDonald's. (Petition ¶22.)

11. Further, plaintiffs' Petition does not specifically attribute any alleged misrepresentation to either of the Franchisee Defendants. In *every* instance where plaintiffs refer to alleged misrepresentations by any of the defendants, plaintiffs only state that employees of McDonald's *"and/or"* the Franchisee Defendants made misrepresentations, or that the "Defendants," generally, made misrepresentations. (*See* Petition ¶¶ 27, 28, 29, 30, 42, 44, 47, 48, 72, 79, 80, 81, 82, 83, 84, 92(g), and 117.)

12. Plaintiffs are similarly vague about where and when they allegedly purchased McDonald's French fries and hash browns, alleging only that they purchased them from restaurants owned by the "Defendants," generally, without alleging the address of the stores at which plaintiffs supposedly purchased French fries and hash browns and the dates on which they supposedly purchased them. (Petition ¶ 45-46.)

II. **Federal Jurisdiction**

13. This action is removable pursuant to 28 U.S.C. §1441.

14.    As set forth herein, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and there is complete diversity of citizenship between plaintiffs and McDonald's (excluding the Franchisee Defendants, which have been fraudulently joined as defendants).

    A.    **Amount In Controversy**

15.    The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

16.    Plaintiffs seek damages against McDonald's "in excess of" $25,000 for each of seven counts. (*See* "Wherefore" allegations immediately following Petition ¶¶ 61, 75, 88, 98, 105, 112 and 125.) For amount in controversy purposes, these amounts aggregate to total at least $175,000, exceeding the $75,000 requirement. *See Lindsey v. Dilliard's, Inc.*, 306 F.3d 596, 599 n. 4 (8th Cir. 2002) (noting plaintiff sought damages "in excess of $25,000" for each count of her complaint and aggregating those amounts to conclude that the amount in controversy requirement had been satisfied).

17.    Plaintiffs' allegations concerning the nature and scope of the two minor plaintiffs' alleged injuries also allow McDonald's and this Court to ascertain that the amount in controversy exceeds $75,000. For example, plaintiffs allege:

    a.  Both minor plaintiffs consumed McDonald's French fries and hash browns over a two year period (Petition ¶ 45);

    b.  One of the minor plaintiff's consumption of McDonald's French fries and hash browns caused her to suffer "severe stomach pain, constipation, fear, anxiety, emotional distress and suffering" (Petition ¶ 49);

      c.   The other minor plaintiff's consumption of McDonald's French fries and hash browns caused him to suffer "an aggravation of his milk and dairy allergies, mood swings, emotional disturbances, stomach pain, fear, anxiety, emotional distress and suffering" (Petition ¶ 50);

      c.   Both minor plaintiffs' illnesses are "permanent" and their damages "will continue in the future" (Petition ¶ 98); and

      d.   in addition to the minor plaintiffs' alleged damages related to pain and suffering, the minor plaintiffs also allegedly incurred additional damages from "accrued medical expenses, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, and other damages" (Petition ¶ 97).

18.    McDonald's denies that plaintiffs are entitled to any recovery. Nevertheless, regardless of the truth or accuracy of these allegations, it is apparent that the Petition seeks in excess of $75,000 in compensatory damages, exclusive of interest and costs.

19.    In addition to the above damages, plaintiffs seek punitive damages and attorneys' fees which may be considered when determining the amount in controversy. *OnePoint Solutions v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (recognizing that "punitive damages are included in the amount in controversy"); *Miles v. Capitol Indemnity Corp.*, 978 F.2d 437, 438 (8th Cir. 1992) ("Appellant correctly points out, however, that attorney's fees are also at stake . . . , which would place the amount in controversy well over" the applicable jurisdictional amount).

20.    Clearly, the amount in controversy exceeds $75,000, particularly when taking into account the punitive damages and attorneys' fees sought by plaintiffs.

    **B.**    **Citizenship of the Parties**

        **(1)**    **The non-fraudulently joined parties are diverse.**

21.    Plaintiffs are citizens of Missouri.

22.    McDonald's is a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1).

705881v1

### **(2) The citizenship of the fraudulently joined Franchisee Defendants should be disregarded.**

23. For purposes of removal, this Court need not consider the citizenship of the Franchisee Defendants because they were fraudulently joined. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983).

24. A plaintiff cannot defeat a defendant's right to remove by joining a sham defendant whose presence only serves to defeat diversity jurisdiction. *Id.*; *see also Devore v. Transport Tech Corp.*, 914 F. Supp. 355, 358 (W.D. Mo. 1996) ("[T]he doctrine of fraudulent joinder applies to these facts because the [plaintiff's] actions indicate that they seek to add the home state defendant . . . only to destroy diversity and secure remand").

25. "Fraudulent joinder exists if, on the face of the plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187 (E.D. Mo. 1995) (citing *Anderson*, 724 F. 2d at 84); *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) ("Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact or law supporting the claim against the resident defendant."); *Monroe v. Consol. Freightways, Inc.*, 654 F. Supp. 661, 663 (E.D. Mo. 1995) (finding fraudulent joinder where the plaintiffs failed to allege conduct on the part of the non-diverse defendant that would entitle them to recovery against that defendant under Missouri law"); *Rodriguez v. Sabatino*, 120 F.3d 589, 591-92 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998) (finding fraudulent joinder where the non-diverse defendant owed no duty to the plaintiff's decedent).

26. In making the determination as to whether a reasonable basis of recovery exists against a non-diverse defendant, the Court should consider the complaint, affidavits, and any

705881v1

other relevant materials. *See Reeb*, 902 F. Supp. at 197-89; *see also Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 816-17 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied.*, 498 U.S. 816 (1990); *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967).

### a.  The Franchisee Defendants are "innocent sellers" immune from liability.

27.  There are two different reasons why there is no reasonable basis for recovery against the Franchisee Defendants.

28.  <u>First</u>, the substantive provisions of Missouri's Innocent Seller statute bars liability against the Franchisee Defendants.

29.  The Innocent Seller statute prevents a plaintiff from recovering on a product liability claim against a "defendant whose liability is based solely on his status as a seller in the stream of commerce" when another defendant "from whom total recovery may be had for plaintiff's claims" is "properly before the court." Mo. Rev. Stat. § 537.762(1)-(2) (2000).  Under such circumstances, the non-manufacturing defendant must be dismissed from the action pursuant to the Missouri statute.  *Id.*; *see also Thomas v. Brown & Williamson Tobacco Corp.*, No. 06-0223-CV-W-SOW, slip op (W.D. Mo. April 28, 2006) (attached as <u>Exhibit D</u>); *Spears v. Bayer Corp.*, No. 03-1151-CV-W-GAF, slip op. (W.D. Mo. March 29, 2004) (attached as <u>Exhibit E</u>).[2]

30.  In their Petition, plaintiffs state they were misled regarding the presence of gluten,

---

[2] The Missouri Innocent Seller statute is substantive rather than procedural law and, thus, is applicable in federal court.  *Thomas*, <u>Ex. D</u>, at 5 (citing *Gramex Corp. v. Green Supply, Inc.,* 89 S. W.3d 432, 446 (Mo. banc. 2002); *Spears*, <u>Ex. E</u>, at 4, n.2.

milk and wheat derivatives in McDonald's French fries and hash browns, alleging the French fries and hash browns "were advertised and/or promoted . . . as gluten free and containing 'no wheat or milk' ingredients." (Petition ¶ 27.)

31.     However, the two Franchisee Defendants do not manufacture (and have never manufactured) French fries, hash browns or any other McDonald's food product. (Ex. B ¶ 6; Ex. C ¶ 5.)  Rather, the Franchisee Defendants are simply franchisees who purchase food products from approved McDonald's distributors and sell them to customers who patronize their franchised restaurants. (Ex. B ¶ 6; Ex. C ¶ 5.)  Indeed, plaintiffs themselves specifically allege that the Franchisee Defendants entered into franchise agreements with McDonald's so that each of them could act as "a distributor and/or seller of McDonald's fast food products." (Petition ¶ 21.)

32.     Moreover, neither of the Franchisee Defendants has ever marketed or advertised McDonald's French fries, hash browns or any other product it sold as "gluten, wheat and dairy free" or somehow "safe for persons sensitive to gluten, wheat and dairy" during the period 1999, when the older of the two minor plaintiffs was born, to the present. (Ex. B ¶¶ 7-8; Ex. C ¶¶ 6-7.)

33.     Because the Franchisee Defendants did not manufacture any McDonald's food products and did not conduct any of the marketing or advertising about which plaintiffs complain, plaintiffs' only theory of recovery against these non-diverse defendants could be based solely on their status as sellers in the stream of commerce.

34.     Although McDonald's denies the substance of plaintiffs' material allegations, plaintiffs would be able to obtain full recovery from McDonald's.

705881v1

35. Consequently, plaintiffs have no basis for recovery against the Franchisee Defendants under Missouri law.

36. In turn, the citizenship of the Franchisee Defendants should be ignored for purposes of this Court's jurisdictional inquiry, *Iowa Pub. Sev. Co. v. Medical Bow Coal Co.*, 556 F.2d 400, 404 n.4 (8th Cir. 1977), and federal jurisdiction is proper pursuant to 28 U.S.C. § 1332, because complete diversity exists between plaintiffs and McDonald's.

      **b.**      **Plaintiffs have not pleaded any wrongdoing on the part of the Franchisee Defendants.**

37. <u>Second</u>, the Franchisee Defendants would have been fraudulently joined even if the Missouri Innocent Seller statute did not exist.

38. There are no factual allegations in the Petition to legitimately suggest that the Franchisee Defendants, as non-manufacturing sellers, made any of the representations about which plaintiffs complain; had reason to know that McDonald's French fries and hash browns contain gluten, wheat and/or milk ingredients; knowingly made any misrepresentations to plaintiffs; or affirmatively intended to conceal any facts from plaintiffs. As such, on the facts alleged in the Petition, there is no possibility that plaintiffs could prove any of the claims asserted against the Franchisee Defendants.

39. It is evident from plaintiffs' Petition that their sole purpose in joining the Franchisee Defendants is to defeat diversity. Critically, other than their jurisdictional allegations and allegations concerning alleged terms of the franchise agreements, plaintiffs' allegations are not directed specifically at the Franchisee Defendants. Some allegations are directed only at McDonald's. Every other allegation has boilerplate references to "Defendants," or non-

committal allusions to "McDonald's Corporation *and/or* Defendant Franchisees." Further, Plaintiffs bring no cause of action specifically directed at the Franchisee Defendants. Plaintiffs' failure to affirmatively tailor or target their allegations against the Franchisee Defendants highlights the fact that the Franchisee Defendants were added to this lawsuit only in an attempt to defeat diversity and prevent removal.

### III.   PROCEDURAL MATTERS

40.   **Removal is Timely**. This Notice of Removal is timely because it is being filed within 30 days after McDonald's and the Franchisee Defendants received, through service or otherwise, a copy of the Petition. 28 U.S.C. § 1446(b); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

41.   **Removal to Proper Court**. This Court is the appropriate court to which the action must be removed because it is part of the "district and division embracing the place where" plaintiffs filed the Petition in this action, St. Charles County, Missouri. 28 U.S.C. § 1446(a).

42.   **Filing and Service**. A copy of this Notice of Removal will be filed contemporaneously with the Clerk of the Circuit Court of St. Charles County, Missouri, and will be served contemporaneously on all counsel of record, as required by 28 U.S.C. § 1446(d).

43.   **Pleadings and Process**. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other documents on file in the state court are attached as Exhibit A.

44.   **Franchisee Defendants' Consent to Removal**. The Franchisee Defendants need

705881v1

not join in this removal, but nevertheless expressly consent to it. *See Adams v. Lederle Labs.*, 569 F. Supp. 234, 243 (W.D. Mo. 1983); (Ex. B ¶ 10; Ex. C ¶ 9.)

45. McDonald's reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, defendant McDonald's Corporation respectfully removes this action from the Circuit Court of St. Charles County, Missouri, Case No. 0711-7552, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated: October 23, 2007                         Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Kevin M. Smith
       Kevin M. Smith  E.D. Bar #102273
       Laura C. Fey  MO Bar #47435
       Rebecca J. Terry  MO Bar #53922

2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Telephone: 816.474.6550
Facsimile 816.421.5547

*Attorneys for McDonald's Corporation*

*Of Counsel:*

Michael A. Pope
Christopher M. Murphy
Geoffrey A. Vance
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Suite 4400
Chicago, Illinois 60606
(312) 372-2000

705881v1

- 12 -

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 23rd day of October, 2007, a true and correct copy of this document was served upon the following individuals via the Court's electronic notification system and/or U.S. Mail:

Paul N. Rechenberg, MO Bar #40615
Elizabeth A. Rechenberg, MO Bar #40395
RECHENBERG LAW, LLC
215 Chesterfield Business Parkway
Chesterfield, MO  63005
(636) 728-1900
(636) 530-6805 (fax)


Brian W. Smith, FL Bar #470510
SMITH & VANTURE, LLP
1615 Forum Place, Suite 4-C
West Palm Beach, FL  33401
(561) 684-6330
(561) 688-0630 (fax)


      By:   ___/s/ Kevin M. Smith_____
               Kevin M. Smith