## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

|  |  |
|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓▓ a minor child, )<br>▓▓▓▓▓▓▓▓▓▓▓▓ a minor child, )<br>each by and through their NEXT )<br>FRIEND and natural mother Beth Miller, )<br>BETH MILLER and FRANK MILLER, )<br>individually and as Parents and )<br>Natural Guardians of their minor son )<br>and daughter, )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>MCDONALD'S CORPORATION, )<br>d/b/a MCDONALD'S, )<br> )<br>    SERVE: )<br>    Manager or Person in Charge )<br>    McDonald's Restaurant )<br>    2915 Highway K )<br>    O'Fallon, MO 63366 )<br> )<br>and )<br> )<br>CHRISTIAN FOODS, L.C. )<br>d/b/a MCDONALD'S, a Missouri )<br>limited liability company, )<br> )<br>    SERVE: )<br>    Manager or Person in Charge )<br>    McDonald's Restaurant )<br>    299 Mid Rivers Mall Drive )<br>    St. Peters, MO 63376 )<br> )<br>and )<br> )<br>ALEX BISHOP, INC., )<br>d/b/a MCDONALD'S, )<br> )<br>    SERVE: )<br>    Manager or Person in Charge )<br>    McDonald's Restaurant )<br>    1200 Mid Rivers Mall Drive ) | Cause No. 0711-7552<br><br>Division: 5<br><br><br><br>FILED<br>SEP 2 4 2007<br>Circuit Clerk<br>ST. CHARLES COUNTY |

1

**Westfield Mall Food Court**      )
**St. Peters, MO 63376**      )
                              )
     **Defendants.**            )

## PETITION FOR DAMAGES AND OTHER RELIEF

**COME NOW** Plaintiffs ███████████, a minor child by and through his Next Friend,

███████████ a minor child by and through her Next Friend, Beth Miller and Frank Miller,

individually, and as Next Fried and parents and natural guardians of their minor son and daughter

(collectively sometimes referred to as "Plaintiffs"), by and through their undersigned counsel,

and for their Petition for Damages and Other Relief against defendants McDonald's Corporation,

Christian Foods, L.C. d/b/a McDonald's, and Alex Bishop, Inc. d/b/a McDonald's (sometimes

collectively referred to as "Defendants"), state:

     1.      Plaintiffs are individuals residing in St. Charles County.

     2.      Plaintiff ████████████████ is a minor male child, born ███████

██████2002, and brings this Petition by and through his Next Friend.

     3.      Plaintiff ███████████████is a minor female child, born ████████

████1999, and brings this Petition by and through her Next Friend.

     4.      Plaintiffs Beth Miller and Frank Miller are at all times relevant husband and wife

and the natural parents of ███████ and██████.

     5.      At all times relevant, Beth Miller and Frank Miller have paid for all costs

associated with ██████ and ████████, including but not limited to their food, healthcare,

medical treatment, medical bills, shelter, education, housing, etc.

     6.      On information and belief, Defendant McDonald's Corporation is a Delaware

corporation that is authorized to conduct business in the state of Missouri and which does

business in the state of Missouri, including St. Charles County.

7.    On information and belief, Defendants McDonald's Corporation owns and operates, among others, a McDonald's restaurant located at 2915 Highway K, O'Fallon, MO, and at 1001 N. Main Street, O'Fallon, MO.

8.    On information and belief, Defendant Christian Foods, L.C. d/b/a McDonald's is a Missouri limited liability company in good standing with its principal place of business in Missouri.

9.    On information and belief, Defendant Christian Foods, L.C. d/b/a McDonald's owns and operates a McDonald's restaurant franchise located at 299 Mid Rivers Mall Driver, St. Peters, MO, and at 6251 Mid Rivers Mall Drive, St. Charles, MO.

10.    On information and belief, Defendant Alex Bishop, Inc. d/b/a McDonald's is a Missouri corporation in good standing with its principal place of business in Missouri.

11.    On information and belief, Defendant Alex Bishop, Inc. d/b/a McDonald's owns and operates a McDonald's restaurant franchise located at 1200 Mid Rivers Mall Drive, St. Peters, MO.

12.    This Court has subject matter jurisdiction of this action.

13.    This Court may assert personal jurisdiction over all Defendants in that Defendants regularly transact business in this state and specifically in St. Charles County, Missouri by owning and/or operating various McDonald's restaurant(s) including those stated above.

14.    Venue is proper in this Court under Section 508.010 RSMo. ("Suits by summons, where brought") in that Defendants own and operate various McDonald's restaurant(s) located in and through St. Charles County, Missouri; the causes of actions accrued in this county; each of the Defendant may be found in this county; each of the Defendants do business in this County; and Plaintiffs were first injured in this County.

3

## GENERAL ALLEGATIONS RELATING TO ALL COUNTS

15.    At all times material, Defendants were authorized to do and are doing business in Missouri, including manufacturing, preparing, selling, promoting, and distributing fast food products, including French fries and hash browns, in St. Charles County, state of Missouri.

16.    On information and belief, Defendant McDonald's Corporation entered into either formal and/or informal agreements with Defendants Christian Foods, L.C. d/b/a McDonald's and/or Alex Bishop, Inc. d/b/a McDonald's (sometimes referred to as the "Defendant Franchisees") so that the Defendant Franchisees would prepare, sell and distribute McDonald's fast food products, including French fries and hash browns, in St. Charles County, state of Missouri.

17.    Defendant McDonald's Corporation is conclusively presumed to be both engaged in substantial and not isolated activities within St. Charles County and the state of Missouri and operating, conducting, engaging in, or carrying on a business or business venture in the State of Missouri.

18.    Defendant McDonald's Corporation has accepted the privileges extended by law to non-residents of the state of Missouri to operate, conduct, engage in, or carry on a business or business venture in St. Charles County and this State.  This Court thereby may assert personal jurisdiction over Defendant McDonald's Corporation.

19.    The Defendant Franchisees own and operate McDonald's franchises in the state of Missouri, including St. Charles County, where Plaintiffs purchased and consumed McDonald's French fries and hash browns.

20.    At all time material, Defendants were in the business of marketing, promoting, preparing, selling and/or distributing McDonald's fast food products in St. Charles County, state

4

of Missouri.

21.    Further and at all times material, the Defendant Franchisees and/or their divisions or affiliates entered into formal or informal agreements with Defendant McDonald's Corporation to act as a distributor and/or seller of McDonald's fast food products.

22.    In the aforementioned agreements, the Defendant Franchisees and/or their divisions or affiliates agreed to provide nutritional information to enhance provider and public awareness of selected products, including McDonald's French fries and hash browns.

23.    Upon information and belief, the aforesaid nutritional information contained false and fraudulent misrepresentations regarding the safety and nutritional composition of McDonald's French fries and hash browns.

24.    Defendants, independently and collectively, created, manufactured, designed, tested, labeled, supplied, packaged, prepared, distributed, marketed, advertised and/or sold McDonald's French fries and hash browns in the State of Missouri including St. Charles County.

25.    At all times material, Defendants had control of the design, assembly, packaging, marketing, advertising, manufacturing, labeling, testing, preparation, promoting, distribution and/or sale of McDonald's French fries and hash browns.

26.    McDonald's French fries and hash browns were advertised and/or promoted by the aforesaid Defendants as gluten free and containing "no wheat or milk" ingredients.

27.    Defendants advertised and/or promoted its French fries and hash browns as safe for consumption by persons, such as the minor Plaintiffs, who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

28.    Defendants further failed to identify gluten, wheat and milk as ingredients in their French fries and hash browns.

29.    Furthermore, managers and employees of restaurants owned and managed by Defendant McDonald's Corporations and/or the Defendant Franchisees made express and/or implied representations to the Plaintiffs that McDonald's French fries and hash browns contained no gluten, wheat or milk ingredients.

30.    The aforementioned managers and employees were acting in the course and scope of their employment with Defendant McDonald's Corporation and/or the Defendant Franchisees when making these representations to Plaintiffs and had the authority or apparent authority to make these representations on behalf of Defendants.

31.    ▮▮▮▮▮▮suffers from an autoimmune disorder known as celiac disease and has a severe intolerance of and/or allergy to food products containing gluten or wheat ingredients.

32.    As a result of ▮▮▮▮▮▮celiac disease, Plaintiffs Beth and Frank Miller have been diligent in assuring that their daughter does not consume food products containing gluten or wheat ingredients.

33.    ▮▮▮▮▮▮suffers from autism and is on a strict diet due to an intolerance of and/or allergy to food products containing milk, gluten and wheat ingredients.

34.    As a result of ▮▮▮▮▮▮ autism and food intolerance and/or food allergies, Plaintiffs Beth and Frank Miller have been diligent in assuring that their son does not consume food products containing milk, gluten or wheat ingredients.

35.    Plaintiffs Beth and Frank Miller consulted McDonald's literature in order to determine which foods to order for their minor children. For example, Plaintiffs would not allow the minor Plaintiffs to eat the hamburger bun of a McDonald's hamburger but did allow the minor Plaintiffs to consume McDonald's French fries believing the fries were within the dietary guidelines of the minor Plaintiffs.

6

36.     During ██████ sessions with his therapist for his autism, the therapist would bring pictures of rewards that ██████ could point to if he reached a certain goal. ██████ always would pick the picture of French fries. ██████ then received and consumed McDonald's French fries often as a reward.

37.     Beth and Frank Miller purchased McDonald's French fries for ██████ without knowing that the ingredients of gluten, wheat and/or milk were present in the McDonald's French fries.

38.     ██████ was on a strict diet which could not include any trace amounts of gluten, wheat and/or milk ingredients.

39.     Extremely minute amounts of gluten, wheat and/or milk ingredients caused a set back to ██████ medical treatment and condition.

40.     Because of the need to be accurate, careful and diligent with ██████ treatment diet, Beth and Frank Miller purposefully researched the nutritional content of foods of restaurants that they frequented and grocery stores at which they shopped.

41.     Plaintiff Beth Miller asked specifically about the nutritional content of the food products and asked if the McDonald's French fries were cooked in a separate fryer than the chicken nuggets (which were listed to contain gluten, wheat and/or milk products) so that there would be no cross contamination of trace amounts of the gluten, wheat and/or milk products in the oil from the chicken nuggets.

42.     Plaintiffs were assured by employees and/or managers of Defendants that the French fries were gluten, wheat and/or milk free and the French fries were fried in an oil that also was gluten, wheat and/or milk free.

43.     In addition to the McDonald's French fries, Plaintiffs purchased and consumed

McDonald's hash browns which according to the McDonald's nutritional literature also did not contain gluten, wheat and/or milk ingredients. In fact, however, the McDonald's hash browns did contain gluten, wheat and/or milk ingredients.

44.     Plaintiff Beth Miller specifically asked about the nutritional content of the hash browns and was assured by the manager and/or employees of McDonald's that the McDonald's hash browns did not contain gluten, wheat and/or milk ingredients when, in fact, the hash browns did contain gluten, wheat and/or milk ingredients.

45.     Plaintiffs purchased McDonald's French fries and hash browns from the Defendants' restaurants located in St. Charles County, Missouri and other surrounding counties, to be consumed by ████████ and ████████ during the years of 2005 and 2006. ████████ and ████████ did consume McDonald's French fries and hash browns during these years.

46.     The McDonald's French fries and hash browns were purchased at stores throughout St. Charles County, and the State of Missouri, including McDonald's restaurants owned by the Defendants.

47.     The McDonald French fries and hash browns were purchased and consumed based on representations by the Defendants that the French fries and hash browns were gluten free, did not contain any wheat and/or milk ingredients, and were safe for consumption by persons such as the minor Plaintiffs who were allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

48.     Contrary to Defendants' assertions and representations, the McDonald's French fries and hash browns did contain gluten, wheat and milk ingredients. Consumption of the Defendants' French fries and hash browns thereby caused the minor Plaintiffs to become seriously ill.

8

49.    Among other conditions, ███████ suffered from severe stomach pain, constipation, fear, anxiety, emotional distress and suffering as a result of consuming McDonald's French fries and hash browns.

50.    Among other conditions, ███████ suffered an aggravation of his milk and dairy allergies, mood swings, emotional disturbances, stomach pain, fear, anxiety, emotional distress and suffering as a result of consuming McDonald's French fries and hash browns.

51.    Plaintiffs have thereby incurred medical bills for the medical treatment suffered by their minor children Plaintiffs.

## COUNT I:
## STRICT PRODUCT LIABILITY (DEFECT)

52.    Plaintiffs reallege, restate and incorporate herein by reference prior paragraphs 1 through 51 of this Petition as if stated herein.

53.    At all times material, the Defendants, individually and collectively, have engaged in the business of preparing, selling, distributing, supplying, designing, manufacturing, marketing and promoting McDonald's French fries and hash browns which were defective and unreasonably dangerous to consumers who are allergic to or had intolerance for foods containing gluten, wheat and/or milk ingredients, including the minor Plaintiffs.

54.    Furthermore Defendants handled, prepared and cooked the McDonald's French fries in their stores and knew, or should have known, that the French fries and hash browns contained gluten, wheat and/or milk ingredients.

55.    At all times material, McDonald's French fries and hash browns were expected to reach, and did reach, consumers in the state of Missouri, who are allergic to or had intolerance for foods containing gluten, wheat and/or milk ingredients, including the minor Plaintiffs, without substantial changes in the condition in which they were sold.

9

56.     At all times material, McDonald's French fries and hash browns were in a defective and unreasonably dangerous condition at the time they were placed in the stream of commerce in that:

a.     When placed in the stream of commerce, McDonald's French fries and hash browns contained unreasonably dangerous design defects and were not reasonably safe as intended to be consumed by persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the minor Plaintiffs, subjecting the minor Plaintiffs to unreasonable risks of harm;

b.     When placed in the stream of commerce, McDonald's French fries and hash browns were defective in design and formulation, making their consumption unreasonably dangerous to persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the minor Plaintiffs, subjecting the minor Plaintiffs to unreasonable risks of harm;

c.     The Defendants failed to conduct sufficient testing on McDonald's French fries and hash browns which, that if properly performed would have shown that consumption of McDonald's French fries and hash browns would have serious side effects on persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the minor Plaintiffs;

d.     McDonald's French fries and hash browns were known to the Defendants to cause harmful side effects on persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, and said side effects outweighed any potential utility of the food product; and

e.    McDonald's French fries and hash browns were not safe for its intended use by customers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

57.    Upon information and belief, at least since September 2005, McDonald's was notified that gluten, wheat and milk ingredients were in their French fries and hash browns and intentionally and recklessly disregarded or concealed the information from consumers, including Plaintiffs.

58.    But for the aforementioned defective and unreasonably dangerous condition of McDonald's French fries and hash browns, the minor Plaintiffs would not have sustained the damages alleged herein.

59.    As a proximate cause of the defective condition of McDonald's French fries and hash browns, the minor Plaintiffs have sustained serious and permanent injuries including, but not limited to:  aggravation of their gluten, milk and dairy allergies, stomach pain, rashes, wheezing, fear, anxiety, and emotional distress.

60.    Damages to Plaintiffs also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, and other damages to be proven at trial.

61.    Plaintiffs' illnesses are permanent and these damages and losses will continue in the future.  Further the minor Plaintiffs may have suffered an aggravation of pre-existing conditions.

**WHEREFORE,** Plaintiffs ███████████ and ███████████, by and through their Next Friend, and Beth and Frank Miller pray this Court enters Judgment in their favor and against Defendants McDonald's Corporation, Christian Foods, L.C. d/b/a McDonald's, and Alex

11

Bishop, Inc. d/b/a McDonald's, jointly and severally, in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), plus award Plaintiffs all their attorneys' fees, court costs and all litigation costs and expenses, and that the Court grant such other and further relief as the Court deems just and proper.

**COUNT II:**
**STRICT PRODUCT LIABILITY (FAILURE TO WARN)**

62.    Plaintiffs reallege, restate and incorporate herein by reference prior paragraphs 1 through 61 of this Petition as if stated herein.

63.    McDonald's French fries and hash browns were defective and unreasonably dangerous to persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the minor Plaintiffs, when they left the possession of the Defendants in that they failed to contain warnings or contained warnings which either concealed or misled the consumer as to the dangerous risks and reactions associated with McDonald's French fries and hash browns for persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

64.    The minor Plaintiffs' reaction to the consumption of gluten, wheat and/or milk ingredients in the Defendants' French fries and hash browns is more than an idiosyncratic or rare allergic reaction.

65.    The number of people who are, or might be, affected by the consumption of gluten, wheat and/or milk ingredients represents a significant portion of the population. The ordinary consumer would not anticipate that McDonald's French fries and hash browns would contain gluten, wheat and/or milk ingredients and the ordinary consumer would not anticipate that consumption of gluten, wheat and/or milk ingredients would affect a significant portion of the population.

66.    As such, Defendants had a duty, or assumed a duty, to warn of the presence of gluten, wheat and/or milk ingredients in the McDonald's French fries and hash browns. Defendants' failure to warn rendered the product unreasonably dangerous.

67.    McDonald's French fries and hash browns, which were manufactured, supplied, handled, prepared and/or cooked by the Defendants, were not accompanied by proper warnings regarding all possible adverse side effects associated with consumption by persons who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

68.    Plaintiffs could not have discovered any defect in McDonald's French fries and hash browns through the exercise of reasonable care.

69.    Plaintiffs did not have the knowledge and/or information they would have received from an adequate warning that the manufacturer or distributor should have communicated to the Plaintiffs.

70.    Had adequate warnings or correct nutritional information been provided, Plaintiff would not have suffered the harmful side effects of gluten, wheat and/or milk ingredients contained in McDonald's French fries and hash browns.

71.    The Defendants had a continuing duty to warn consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs, of the dangers associated with consumption of McDonald's French fries and hash browns.

72.    Additionally, the managers, agents and/or employees of Defendants affirmatively represented that the McDonald's French fries and hash browns were safe for consumption by the minor Plaintiffs.

13

73.    As a proximate cause of the defective condition of McDonald's French fries and hash browns, the minor Plaintiffs have sustained serious and permanent injuries including, but limited to: aggravation of their gluten, milk and dairy allergies, stomach pain, rashes, wheezing, fear, anxiety and emotional distress.

74.    Damages of the minor Plaintiffs also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, and other damages to be proven at trial.

75.    Plaintiffs' illnesses are permanent and these damages and losses will continue in the future. Further the minor Plaintiffs may have suffered an aggravation of pre-existing conditions.

**WHEREFORE,** Plaintiffs ███████████ and ███████████, by and through their Next Friend, and Beth and Frank Miller pray this Court enters Judgment in their favor and against Defendants McDonald's Corporation, Christian Foods, L.C. d/b/a McDonald's, and Alex Bishop, Inc. d/b/a McDonald's, jointly and severally, in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), plus award Plaintiffs all their attorneys' fees, court costs and all litigation costs and expenses, and that the Court grant such other and further relief as the Court deems just and proper.

## COUNT III:
## STRICT PRODUCT LIABILITY (MISREPRESENTATION)

76.    Plaintiffs reallege, restate and incorporate herein by reference prior paragraphs 1 through 75 of this Petition as if stated herein.

77.    At all times material, the Defendants, individually and collectively, have engaged in the business of preparing, selling, distributing, supplying, designing, manufacturing,

marketing and promoting McDonald's French fries and hash browns. Furthermore, Defendants handled, prepared and cooked the French fries and hash browns in their stores.

78.    At all times material, Defendant McDonald's Corporation, by and through postings on their corporate web site (www.McDonalds.com), nutritional pamphlets or otherwise in writing, made written material misrepresentations of fact to the public, including the Plaintiffs herein, regarding the character and quality of their French fries and hash browns, to wit: that the French fries and hash browns were gluten free and contained no wheat or milk ingredients.

79.    Furthermore managers, agents and/or employees of the Defendants made express oral misrepresentations of fact regarding the character and quality of their French fries and hash browns to wit: that the French fries and hash browns were gluten free and contained no wheat or milk ingredients.

80.    Plaintiffs specifically asked managers, agents and/or employees of the Defendants about whether the McDonald's French fries or hash browns had gluten, wheat or milk, and such managers, agents and/or employees of Defendants assured Plaintiffs that the McDonald's French fries did not contain gluten, wheat or milk ingredients.

81.    At all times material, Defendants, by and through nutritional pamphlets or otherwise in writing, made written material misrepresentations of fact to the public, including the Plaintiffs herein, regarding the character and quality of their French fries and hash browns, to wit: that the French fries and hash browns were gluten free and contained no wheat or milk ingredients.

82.    Furthermore managers and employees of the Defendants made express oral misrepresentations of fact regarding the character and quality of their French fries and hash

browns to wit: that the French fries and hash browns were gluten free and contained no wheat or milk ingredients.

83.    Specifically, persons who identified themselves as managers of restaurants owned and/or operated by Defendants previously described, told the Plaintiffs that the French fries and hash browns contained no gluten, wheat or milk. Plaintiffs are unaware of the precise names of the persons who identified themselves as managers. The misrepresentations were made on a regular basis during the time periods set forth above upon inquiry from the Plaintiffs.

84.    At the time of Defendants' material misrepresentations, the Plaintiffs were unaware of the falsity of the statements being made, and Plaintiffs believed them to be true. Plaintiffs had no knowledge of the information concealed and/or suppressed by Defendants.

85.    Plaintiffs justifiably relied on aforesaid in deciding to purchase and consume McDonald's French fries and hash browns.

86.    As a proximate cause of the misrepresentations regarding the character and quality of McDonald's French fries, the minor Plaintiffs have sustained serious injuries including, but not limited to: aggravation of their gluten, milk and dairy allergies, stomach pain, rashes, wheezing, fear, anxiety, emotional distress.

87.    Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, and other damages to be proven at trial.

88.    Plaintiffs' illnesses are permanent and these damages and losses will continue in the future. Further, the minor Plaintiffs may have suffered an aggravation of pre-existing conditions. These damages and losses will continue in the future.

16

WHEREFORE, Plaintiffs ██████████ and ██████████, by and through their Next Friend, and Beth and Frank Miller pray this Court enters Judgment in their favor and against Defendants McDonald's Corporation, Christian Foods, L.C. d/b/a McDonald's, and Alex Bishop, Inc. d/b/a McDonald's, jointly and severally, in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), plus award Plaintiffs all their attorneys' fees, court costs and all litigation costs and expenses, and that the Court grant such other and further relief as the Court deems just and proper.

## COUNT IV:
## NEGLIGENCE

89.    Plaintiffs reallege, restate and incorporate herein by reference prior paragraphs 1 through 88 of this Petition as if stated herein.

90.    Defendants, individually and collectively, created, manufactured, designed, tested, labeled, supplied, packaged, prepared, distributed, marketed, advertised and/or sold McDonald's French fries and hash browns in St. Charles County, state of Missouri. Furthermore, Defendants handled, prepared, cooked the French fries and hash browns in their stores, after receiving them from Defendant McDonald's Corporation and/or their suppliers.

91.    At all times material, Defendants had a duty, or through their representations, assumed a duty to Plaintiffs to exercise reasonable care in the making, creation, manufacture, assembly, design, testing, labeling, supplying, packaging, distribution, promotion, marketing, advertising and/or sale of their food products. Furthermore Defendants had a duty to see that no cross contamination occurred between the French fries and hash browns and other food products and/or preparation materials that contained gluten, wheat and/or milk ingredients.

92.    Defendants breached that duty and were negligent in their actions towards the Plaintiffs, including but not limited to the following:

17

a.    Failure to include adequate warnings with McDonald's French fries and hash browns that would alert consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, of the potential risks and serious side effects of consuming McDonald's French fries and hash browns and that the French fries and hash browns contained gluten, wheat and/or milk ingredients;

b.    Failure to adequately and properly test McDonald's French fries and hash browns for the presence of gluten, wheat and/or milk ingredients before placing McDonald's French fries and hash browns in the stream of commerce;

c.    Failure to adequately warn consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the Plaintiffs, that the consumption of McDonald's French fries and hash browns carried a risk of an allergic reaction or serious injuries or illnesses;

d.    Failure to provide adequate post-marketing warnings or instructions after Defendants knew or should have known of the presence of gluten, wheat and/or milk ingredients in their French fries and hash browns and of the significant risks of allergic reactions or serious illnesses from the consumption of McDonald's French fries and hash browns;

e.    Encouraging the consumption of McDonald's French fries and hash browns, while underplaying the side effects to consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, including the minor Plaintiffs, in order to make a profit from sales;

f.    Failure to provide accurate nutritional information regarding the presence of gluten, wheat and/or milk ingredients in McDonald's French fries and hash browns;

g.    Providing incorrect or inaccurate information to the Plaintiffs that the

18

French fries and hash browns did not contain gluten and/or wheat ingredients; and

h.    Failure to protect against cross contamination of the French fries and hash browns by food products and/or preparation materials that contained gluten, wheat and/or milk ingredients.

93.    Defendants knew or should have known that McDonald's French fries and hash browns contained gluten, wheat and/or milk ingredients and caused unreasonably dangerous risks and serious side effects to consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, and the Plaintiffs were not aware of such risks and serious side effects. Defendants nevertheless advertised, marketed, sold and distributed McDonald's French fries, knowing that there was a significant risk of allergic reaction and serious illness effects in consumers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

94.    Furthermore Defendants handled, prepared and cooked the French fries and hash browns without protecting against cross contamination by other food products and/or preparation materials that contained gluten and/or wheat ingredients.

95.    But for the Defendants' negligent conduct, as described herein, the minor Plaintiffs would not have consumed McDonald' French fries and hash browns, and the minor Plaintiffs would not have suffered illness, loss and damage.

96.    As a proximate cause of the negligence of Defendants, the minor Plaintiffs have sustained serious and permanent injuries or illnesses including but limited to: aggravation of their gluten, milk and dairy allergies, stomach pain, rashes, wheezing, fear, anxiety, emotional distress.

97.    Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, and other damages to be proven at trial.

98.    Plaintiffs' illnesses are permanent and these damages and losses will continue in the future.    Further, the minor Plaintiffs may have suffered an aggravation of pre-existing conditions.  These damages and losses will continue in the future.

WHEREFORE, Plaintiffs ████████ and ████████ by and through their Next Friend, and Beth and Frank Miller pray this Court enters Judgment in their favor and against Defendants McDonald's Corporation, Christian Foods, L.C. d/b/a McDonald's, and Alex Bishop, Inc. d/b/a McDonald's, jointly and severally, in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), plus award Plaintiffs all their attorneys' fees, court costs and all litigation costs and expenses, and that the Court grant such other and further relief as the Court deems just and proper.

## COUNT V:
## BREACH OF EXPRESS WARRANTY

99.    Plaintiffs reallege, restate and incorporate herein by reference prior paragraphs 1 through 98 of this Petition as if stated herein.

100.    Defendants, individually and collectively, expressly warranted that McDonald's French fries and hash browns did not contain any gluten, wheat and/or milk ingredients, and it was safe for consumers who are allergic to or had intolerance for foods containing gluten, wheat and/or milk, including the minor Plaintiffs, to consumer their French fries and hash browns.

101.    Defendant McDonald's Corporation posted information on their website warranting that McDonald's French fries and hash browns contained "no milk" ingredients, and managers, agents and/or employees of restaurants owned and managed by Defendants made

express representations to the Plaintiffs that McDonald's French fries and hash browns contained no gluten, wheat and/or milk and were safe for consumption by the susceptible minor Plaintiffs.

102.    McDonald's French fries and hash browns did not conform to these express representations because McDonald's French fries and hash browns were not gluten free, but did contain gluten, wheat and/or milk ingredients, and were not safe for consumption by consumers who are allergic to or had intolerance for foods containing gluten, wheat and/or milk, including the minor Plaintiffs.

103.    As a proximate cause of the breach of the express warranty, the minor Plaintiffs have sustained serious and permanent injuries or illnesses including but limited to: aggravation of their gluten, milk and dairy allergies, stomach pain, rashes, wheezing, fear, anxiety, and emotional distress.

104.    Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, and other damages to be proven at trial.

105.    Plaintiffs' illnesses are permanent and these damages and losses will continue in the future.    Further, the minor Plaintiffs may have suffered an aggravation of pre-existing conditions. These damages and losses will continue in the future.

**WHEREFORE,** Plaintiffs ███████████ and ███████████ by and through their Next Friend, and Beth and Frank Miller pray this Court enters Judgment in their favor and against Defendants McDonald's Corporation, Christian Foods, L.C. d/b/a McDonald's, and Alex Bishop, Inc. d/b/a McDonald's, jointly and severally, in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), plus award Plaintiffs all their attorneys' fees, court

costs and all litigation costs and expenses, and that the Court grant such other and further relief as the Court deems just and proper.

## COUNT VI:
## BREACH OF IMPLIED WARRANTIES

106.    Plaintiffs reallege, restate and incorporate herein by reference prior paragraphs 1 through 105 of this Petition as if stated herein.

107.    At all times material, Defendants marketed, sold and distributed McDonald's French fries and hash browns for consumption by consumers who are allergic to or had an intolerance for foods containing gluten, wheat and milk ingredients, such as the minor Plaintiffs. Defendants impliedly warranted that McDonald's French fries and hash browns were of merchantable quality, safe and fit for its intended purpose of consumption by consumers who are allergic to or had an intolerance for foods containing gluten, wheat and milk ingredients, including the minor Plaintiffs.

108.    Plaintiffs relied upon the skill and judgment of the Defendants as to whether McDonald's French fries and hash browns were of merchantable quality, safe and fit for its intended purpose of consumption by customers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

109.    Contrary to such implied warranties, McDonald's French fries and hash browns were not of merchantable quality, safe or fit for its intended purpose of consumption by customers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients, because McDonald's French fries and hash browns were and are unreasonably dangerous and unfit for the purpose of consumption by customers who are allergic to or had an intolerance for foods containing gluten, wheat and/or milk ingredients.

22

110.    As a proximate cause of the breach of implied warranty, the minor Plaintiffs have sustained serious and permanent injuries or illnesses including but limited to: aggravation of their gluten, milk and dairy allergies, stomach pain, rashes, wheezing, fear, anxiety, and emotional distress.

111.    Damages also include pain, suffering and mental anguish, both in the past and in the future, accrued medical expenses, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, and other damages to be proven at trial.

112.    Plaintiffs' illnesses are permanent and these damages and losses will continue in the future.  Further, the minor Plaintiffs may have suffered an aggravation of pre-existing conditions. These damages and losses will continue in the future.

**WHEREFORE**, Plaintiffs ███████ and ███████, by and through their Next Friend, and Beth and Frank Miller pray this Court enters Judgment in their favor and against Defendants McDonald's Corporation, Christian Foods, L.C. d/b/a McDonald's, and Alex Bishop, Inc. d/b/a McDonald's, jointly and severally, in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), plus award Plaintiffs all their attorneys' fees, court costs and all litigation costs and expenses, and that the Court grant such other and further relief as the Court deems just and proper.

## COUNT VII:  VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT, V.A.M.S. SECTION 407.025

113.    Plaintiffs reallege, restate in incorporate herein by reference prior paragraphs 1 through 112 of this Petition as if stated herein.

114.    Plaintiffs bring this Count pursuant to Section 407.010, et seq., RSMo., known as the Missouri Merchandising Practices Act.

115.    The sale of the McDonald's French fries and hash browns at issue in this cause was a "consumer transaction" within the scope of the Chapter 407 o f Revised Statutes of Missouri.

116.    Plaintiffs were consumers of food products, purchased at restaurants owned and/or operated by the Defendants, including the subject French fries and hash browns.

117.    The minor Plaintiffs consumed the subject French fries and hash browns based on the representations of the Defendant that those products were gluten free and contained no wheat or milk ingredients.

118.    Plaintiffs have never been engaged in the business of the sale of food products.

119.    In engaging in the above described conduct, Defendants committed an unfair and deceptive act or practice in connection with the marketing, distribution and sale of its French fries and hash browns, in that Defendant knew that they contained gluten, wheat and/or milk ingredients.

120.    Defendant concealed, suppressed and/or omitted the material fact that gluten, wheat and/or milk ingredients were in the French fries and hash browns in connection with and in selling the food merchandise to the Plaintiffs.

121.    As a result of Defendant's unfair, unlawful and/or deceptive practice, Plaintiffs have suffered an ascertainable loss and actual damages including, but not limited to, the cost of those food products purchased from the Defendant, including the subject French fries and hash browns.

122.    Plaintiffs seek to recover their attorneys' fees and all litigation costs incurred in this litigation pursuant to Section 407.025.1, RSMo.

123. Plaintiffs further seek to recover punitive damages as provided for pursuant to Section 407.025.1, RSMo.

124. The actions of Defendants rise to a level that show either evil motive and/or complete indifference to or conscious disregard for the safety of others, including but not limited to Plaintiffs.

125. Defendants' actions rise to a level that shows complete indifference to or conscious disregard for the safety of others, including but not limited to Plaintiffs, such that the trier of fact and/or the Court should award punitive damages.

**WHEREFORE,** Plaintiffs ████████████ and ██████████, by and through their Next Friend, and Beth and Frank Miller pray this Court enters Judgment in their favor and against Defendants McDonald's Corporation, Christian Foods, L.C. d/b/a McDonald's, and Alex Bishop, Inc. d/b/a McDonald's, jointly and severally, in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000), plus award Plaintiffs all their attorneys' fees under Missouri statute, court costs and all litigation costs and expenses, that the Court award punitive damages in a sufficient amount to punish Defendants and deter others from engaging in such action, and that the Court grant such other and further relief as the Court deems just and proper.

Dated: September 24, 2007.

**RECHENBERG LAW, LLC**

By: _____

Paul N. Rechenberg, Esq. MO Bar #40615
paul@rechenberglaw.com
Elizabeth A. Rechenberg, Esq., MO Bar #40395
elizabeth@rechenberglaw.com
215 Chesterfield Business Parkway
Chesterfield, MO 63005
(636) 728-1900
(636) 530-6805 (facsimile)
COUNSEL FOR PLAINTIFFS
Petition filed September 24, 2007


**SMITH & VANTURE, LLP**

By: _____

Brian W. Smith, Esq. FL Bar #470510
bws@smithvanture.com
1615 Forum Place, Suite 4-C
West Palm Beach, FL 33401
(561) 684-6330
(561) 688-0630
COUNSEL FOR PLAINTIFFS
*Motion for Admission Pro Hac Vice Pending*

**IN THE CIRCUIT COURT OF ST. CHARLES COUNTY**
**STATE OF MISSOURI**

███████████████ a minor child, )
by and through his NEXT FRIEND, )
BETH MILLER, her mother, et al., )
                                )    Case No. 0711CC07552
      Plaintiffs, )
                                )    Division  5
v. )
                                )
MCDONALD'S CORPORATION, )
et al., )
      Defendants. )

**FILED**

SEP 2 4 2007

Circuit Clerk
ST. CHARLES COUNTY

## APPLICATION FOR APPOINTMENT OF NEXT FRIEND

    **COMES NOW** Beth Miller, natural parent of the two minor children Plaintiffs, ███████████ and ███████████ pursuant to Missouri Supreme Court Rule 52.02 and Section 507.140 RSMo., and moves this Court to be appointed as Next Friend for both minor Plaintiffs ███████████ a minor child born on ███████████ 2002, who is now 4 years old, and ███████████ a minor child born on ███████████ 1999, who is now 7 years old.  In further support, Beth Miller does states that she is the natural mother of said children and who at all times has resided with her children.

                                    *Beth Miller*
                                  BETH MILLER, NEXT FRIEND

STATE OF MISSOURI     )
                          ) SS
COUNTY OF ST. LOUIS  )

    On this 12th day of September, 2007, before me personally appeared Beth Miller, to me known to be the person described herein and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the county and state aforesaid, the day and year first above written.

_Sheri Schepers_
Notary Public

My Commission Expires:



SHERI SCHEPERS
My Commission Expires
May 12, 2010
St. Louis County
Commission #06417969

**RECHENBERG LAW, LLC**

By: _Paul N. Rechenberg_

Paul N. Rechenberg, Esq. MO Bar #40615
paul@rechenberglaw.com
Elizabeth A. Rechenberg, Esq., MO Bar #40395
elizabeth@rechenberglaw.com
215 Chesterfield Business Parkway
Chesterfield, MO 63005
(636) 728-1900
(636) 530-6805 (facsimile)
ATTORNEYS FOR THE PLAINTIFFS

2

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
### STATE OF MISSOURI

███████████████ a minor child, )
by and through his NEXT FRIEND, )
BETH MILLER, her mother, et al., )
                               )     Case No. 0711-CV07552
      Plaintiffs, )
                               )     Division    5
v. )
                               )
MCDONALD'S CORPORATION, )
et al., )
                               )
      Defendants. )

**F I L E D**

SEP 2 5 2007

Circuit Clerk
ST. CHARLES COUNTY

### ORDER APPOINTING NEXT FRIEND

Upon the application and request of Next Friend Mrs. Beth Miller, natural mother to

minor Plaintiffs ███████████ (a minor male child born on ████████ 2002, who is now 4

years old) and ███████████ (a minor child born on ████████ 1999, who is now 7 years

old), and for good cause shown, the Court does hereby appoint Mrs. Beth Miller as Next Friend

for the minor Plaintiffs in this action and leave is granted for Mrs. Beth Miller to proceed on

behalf of the minor Plaintiffs.

      **IT IS SO ORDERED** this _____ day of September, 2007.

_____
St. Charles County Circuit Court Judge

SO ORDERED: _____
          CIRCUIT CLERK

BY: _____
     DEPUTY CLERK

DATE: _____

**RECHENBERG LAW, LLC**

By: _____
Paul N. Rechenberg, Esq. MO Bar #40615
paul@rechenberglaw.com
Elizabeth A. Rechenberg, Esq., MO Bar #40395
elizabeth@rechenberglaw.com
215 Chesterfield Business Parkway
Chesterfield, MO 63005
(636) 728-1900
(636) 530-6805 (facsimile)
ATTORNEYS FOR THE PLAINTIFFS

2

# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

**FILED**

| | |
|---|---|
| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 0711-CV07552 |
| Plaintiff/Petitioner:<br>BETH MILLER | Plaintiff's/Petitioner's Attorney/Address<br>PAUL NORMAN RECHENBERG<br>215 CHESTERFIELD BUSINESS PKWY<br>CHESTERFIELD, MO 63005 |
| vs. | |
| Defendant/Respondent:<br>MCDONALDS CORPORATION<br>DBA: MCDONALD'S | Court Address:<br>300 N 2nd<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

OCT 0 9 2007

JUDY ZERR
CIRCUIT CLERK
ST. CHARLES CO.

RECEIV (Date File Stamp)
_____ A.M. _____ P.M.

SEP 27 2007
22 00
SHERIFF
ST. CHARLES CO., MO

## Summons in Civil Case

The State of Missouri to: MCDONALDS CORPORATION
Alias:
DBA: MCDONALD'S

MANAGER OR PERSON IN CHARGE
2915 HWY K
O FALLON, MO 63366

25

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 25, 2007**
_____    _____
Date                                          Clerk

Further Information: _____

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

Sheriff's Fees, if applicable
Summons        $_____
Non Est         $_____
Mileage         $_____ (_____ miles @ $ _____ per mile)
Total              $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*CAA*

Case No. 0711CV07552 . . . . . . . . Court Code  CC  CIRCUIT COURT-ST.
PRESS ENTER TO CONTINUE, OR F3 TO EXIT
Record Number 001      TYPE of Service L   COPY LEFT WITH FAMILY
DATE Served 2007/09/27 TIME Served 001525   ZONE 05   DSN 206
PLACE X              DESCRIPTION  DAMAGES
2915 HWY K                        SERVED ED JOHNSON MANAGER
OFALLON 63366                                                    PAID
FEE    $20.00  NOTARY FEE    $.00   MILEAGE    25 MILEAGE FEE  $12.00
                                                    TOTAL     $32.00

RECORD PERSON SERVED
  001   MCDONALDS CORPORATION . . . . . . . . MANAGER . . . . . . . . . .   . . .
  002   CHRISTIAN FOODS LC . . . . . . . . . . MANAGER IN CHARGE . . . . . . . .   . . .
  003   ALEX BISHOP INC . . . . . . . . . . . . MANAGER IN CHARGE . . . . . . . .   . . .

*Dep. Bruce Beagsley*

**DEPUTY SHERIFF
ST. CHARLES COUNTY MO**

SHERIFF'S OFFICE                    No. 2007011705
ST. CHARLES MISSOURI

RECEIVED OF  PAUL N RECHENBERG      DATE  2007/10/03
                                          $86.40

CASE NO.  0711CV07552       MILLER BETH              DAM PLAINTIFF

VS. MCDONALDS CORPORATION, MANAGER                   DEFENDANT

REMARKS:

RECEIPT TYPE:
              CF      $86.40        CHECK NO.:  1032

                                    THOMAS NEER
                                    SHERIFF, ST. CHARLES COUNTY, MISSOURI

                                    BY:  Debra Jones



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 0711-CV07552 |
| Plaintiff/Petitioner:<br>BETH MILLER | Plaintiff's/Petitioner's Attorney/Address<br>PAUL NORMAN RECHENBERG<br>215 CHESTERFIELD BUSINESS PKWY<br>CHESTERFIELD, MO 63005 |
| vs. | |
| Defendant/Respondent:<br>MCDONALDS CORPORATION<br>DBA: MCDONALD'S | Court Address:<br>300 N 2nd<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

**FILED**

OCT 0 9 2007

JUDY ZERR
CIRCUIT CLERK
ST. CHARLES CO.

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: CHRISTIAN FOODS LC
Alias:
DBA: MCDONALD'S, A MISSOURI LIMITED LIABILITY COMPANY

RECEIVED
_____ A.M. _____ P.M.

SEP 2 8 2007

SHERIFF
ST. CHARLES CO., MO

MANAGER OR PERSON IN CHARGE
299 MID RIVERS MALL DR
SAINT PETERS, MO 63376

23

COURT SEAL OF

CIRCUIT COURT OF MISSOURI

ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 25, 2007**
Date                                                    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____ (address)

Served at _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

in _____

Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____ _____ Notary Public
Date

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) For Court Use Only: Document Id # 07-SMCC-2540          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 5 54.13, and 54.20; 506.120 – 506.140, and 506.150 F



No. 0711CV07552    Court Code  CC   CIRCUIT COURT-ST.
ENTER TO CONTINUE, OR F3 TO EXIT
Number 002    TYPE of Service L   COPY LEFT WITH FAMILY
Served 2007/09/27  TIME Served 001350   ZONE 03   DSN 209
DESCRIPTION  DAMAGES
RIVERS MALL DR                    SERVED TARA BENSINGER MANAGER
ERS 63376

$20.00  NOTARY FEE   $.00   MILEAGE   15 MILEAGE FEE   PAID  $7.20
                                              TOTAL   $27.20
PERSON SERVED
MCDONALDS CORPORATION . . . . . . . . . MANAGER . . . . . . . . .
CHRISTIAN FOODS LC . . . . . . . . . . MANAGER IN CHARGE . . . . . . . . .
ALEX BISHOP INC . . . . . . . . . . . MANAGER IN CHARGE . . . . . . . . .

Donald R Vogt 209
DEPUTY SHERIFF
ST. CHARLES COUNTY MO



## IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 0711-CV07552 | **FILED** |
|---|---|---|
| Plaintiff/Petitioner:<br>BETH MILLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>PAUL NORMAN RECHENBERG<br>215 CHESTERFIELD BUSINESS PKWY<br>CHESTERFIELD, MO 63005 | OCT 0 9 2007<br>Circuit Clerk<br>ST. CHARLES COUNTY |
| Defendant/Respondent:<br>MCDONALDS CORPORATION<br>DBA:  MCDONALD'S | Court Address:<br>300 N 2nd<br>SAINT CHARLES, MO 63301 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:**  ALEX BISHOP, INC.
          Alias:
          DBA:  MCDONALD'S

MANAGER OR PERSON IN CHARGE
1200 MID RIVERS MALL DR
WESTFIELD MALL FOOD COURT
SAINT PETERS, MO 63376

RECEIVED
A.M. _____ P.M
SEP 2 7 2007
SHERIFF
ST. CHARLES CO., MO

*23*  *27. 20*

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

__September 25, 2007__
      Date                                                 Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____             _____
   Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                                    Date                                  Notary Public

**Sheriff's Fees, if applicable**

| Summons | $ _____ |
|---|---|
| Non Est | $ _____ |
| Mileage | $ _____ (_____ miles @ $ ._____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on **each Defendant/Respondent.** For methods of service on all classes of suits, see Supreme Court Rule 54.

```
                    C I V I L   P R O C E S S   S Y S T ' )
                                   CP02
```

Case No. 0711CV07552 . . . . . . . . Court Code  CC  CIRCUIT COURT-ST.
PRESS ENTER TO CONTINUE, OR F3 TO EXIT
Record Number 003      TYPE of Service L   COPY LEFT WITH FAMILY
DATE Served 2007/09/27 TIME Served 001345    ZONE 03    DSN 209
PLACE X                 DESCRIPTION  DAMAGES
1200 MID RIVERS MALL DR                SERVED JOANN COPELAND MANAGER
ST PETERS 63376                                                      PAID
FEE      $20.00  NOTARY FEE       $.00    MILEAGE      15 MILEAGE FEE    $7.20
                                                            TOTAL      $27.20

RECORD PERSON SERVED
  001  MCDONALDS CORPORATION . . . . . . . . MANAGER . . . . . . . . . . . . . . .    . .
  002  CHRISTIAN FOODS LC . . . . . . . . . . MANAGER IN CHARGE . . . . . . . .    . .
  003  ALEX BISHOP INC . . . . . . . . . . . . MANAGER IN CHARGE . . . . . . . .    . .


                                          nall R Vay 209
                                    _____
                                        DEPUTY SHERIFF
                                    ST. CHARLES COUNTY MO