IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PATRICIA THOMAS, individually, and as Plaintiff ad litem for DONALD WILLIAM THOMAS, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> BROWN AND WILLIAMSON TOBACCO CORP., a Delaware Corporation, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 06-0223-CV-W-SOW ) ) ) ) ) ) |

### ORDER

Before the Court are Plaintiffs' Motion to Remand (Doc. # 19), defendants' response, and plaintiffs' reply. There are also other various motions pending, including defendants MFA Petroleum Company, Inc. and Barber & Sons Tobacco Co.'s motions to dismiss, a motion to dismiss on behalf of all defendants, and defendant Philip Morris USA, Inc.'s motion for summary judgment. These motions have not yet been fully briefed.

On April 4, 2006, recognizing that the motion to remand could be dispositive of the other motions, this Court stayed consideration of the pending motions to dismiss and summary judgment until after it had the chance to determine whether subject-matter jurisdiction exists. Subsequently, the parties fully briefed the remand issue. Having considered the parties' arguments, the Court now finds that it has subject-matter jurisdiction over this case and therefore plaintiffs' motion to remand this case back to the Circuit Court of Jackson County, Missouri is denied. Furthermore, given the Court's analysis and conclusion on the motion to remand, the Court grants the Missouri Defendants' motions to dismiss.

I. Background

This case is a wrongful death action brought by plaintiffs against defendants Brown and Williamson Tobacco Corp., Philip Morris USA, Inc. (the "Defendants"), MFA Petroleum Company, Inc., and Barber & Sons Tobacco Co. (collectively referred to as the "Missouri Defendants"), for their alleged negligence, carelessness and recklessness in causing or contributing to cause the wrongful death of decedent Donald William Thomas, Sr. and the damages sustained by plaintiffs as a direct result thereof. The Defendants are cigarette manufacturers. Plaintiff states that he purchased many of the cigarettes he smoked at or from the Missouri Defendants. Missouri Defendant Barber & Sons is a wholesale distributor of cigarettes, and Missouri Defendant MFA Petroleum is a retail seller of cigarette products. This cause was originally brought in the Circuit Court of Jackson County, Missouri.

On March 15, 2006, the Defendants filed a Notice of Removal with this Court where they alleged diversity jurisdiction pursuant to 28 U.S.C. § 4114. This Notice of Removal was predicated upon Defendants' showing that the non-diverse defendants named in the Petition (the Missouri Defendants), were fraudulently joined for the purpose of defeating federal diversity. Specifically, defendants allege that, in light of plaintiffs' allegations, the only potential basis of liability against the Missouri Defendants was their status as sellers in the stream of commerce. Defendants also attempt to show that the Missouri Innocent Seller statute precludes liability against a "defendant whose liability is based solely on his status as a seller in the stream of commerce" when, as here, the produce manufacturer "is properly before the court." Mo. Rev. Stat. § 537.762(1)-(2) (2000). Therefore, Defendants allege that the Missouri Defendants should

2

be ignored for the purposes of determining whether diversity jurisdiction exists, and when this is done, complete diversity exists among the remaining parties, and therefore, this Court has subject-matter jurisdiction.

Plaintiffs argue that this allegation lacks merit, as the Defendants fail to take into account plaintiffs' fraudulent concealment claims (Count III) against the Missouri Defendants which alone requires remand of this case back to the Circuit Court of Jackson County, Missouri.

## II. Standard

Cases filed in state court may be removed to federal court if the case would have been within the original jurisdiction of the federal courts. 28 U.S.C. § 1441. If the federal court lacks subject matter jurisdiction over the case, the matter must be remanded back to state court. 28 U.S.C. § 1447(c). The burden of demonstrating removal jurisdiction falls upon the party seeking removal. In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993).

The Court has recently been given clear guidance from the Eighth Circuit as to the considerations the district court should take into account when dealing with fraudulent-joinder. "A proper review should give paramount consideration to the reasonableness of the basis underlying the state claim." Menz v. New Holland North America, Inc., et al., 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting Filla v. Norfolk S. Ry., 336 F.3d 806, 810 (8th Cir. 2003)). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla, 336 F.3d at 810. It has also been recognized by the Eighth Circuit that it must be "clear under state law that the complaint does not state a cause of action against the non-diverse defendant." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977). If there "exists no reasonable basis in fact and law supporting a claim against

the resident defendants" joinder is fraudulent. Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002).

Plaintiffs' main argument is derived from language that appears in the Filla decision where the Eighth Circuit seemed to give considerable leeway to the district court, and lean towards favoring the state court to determine whether a basis exists under state law for a claim against the resident defendants, explaining that "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law *might* impose liability based upon the facts involved." Filla, 336 F.3d at 811 (emphasis added). Furthermore, plaintiffs assert additional authority from the Western District of Missouri that again focuses on a somewhat broad view of fraudulent-joinder analysis: "[i]f there is a possibility that the plaintiff has stated a cause of action [against the resident defendant], the joinder is not fraudulent, and the case should be remanded." El Dorado Springs R-2 Sch. Dist. v. Moos, 264 F. Supp. 815, 818-19 (W.D. Mo. 1967); Spears v. Bayer Corp., No. 03-1151-CV-W-GAF (W.D. Mo., March 19, 2004).

While it may seem from the above authority that the fraudulent-joinder standard is somewhat unclear, the Eighth Circuit recognized as much in its recent Filla decision: "within our own circuit, the fraudulent-joinder standard has been stated in varying ways." Filla, 336 F.3d at 809-10. Yet, the "common thread" guiding fraudulent-joinder review is "reason." Id. at 810.

### III. Discussion

The Court starts with the basic premise that federal courts are courts of limited jurisdiction. Congress has created specific instances in which this Court is required to exercise its proper authority and make a determination as to whether an exercise of its jurisdiction is

4

proper. In this case, the Court is called upon to determine whether certain resident defendants were fraudulently joined. The Court determines that they were.

Under applicable state precedent, none of plaintiffs' causes of action against the Missouri Defendants can survive. Indeed, under the most liberal reading of a fraudulent-joinder standard from the Eighth Circuit, there is no cause of action. There seems to this Court no doubt that there is not even arguably a case against the Missouri Defendants. The Missouri Innocent Seller statute would preclude any possibility of recovery.

Under the Missouri Innocent Seller statute "a defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section." Mo. Rev. Stat. § 537.762(1). The statute further provides that "this section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." § 537.762(2). Recently, this statute has been held to be substantive, rather than a procedural device, and therefore this statute is applicable in federal court. See Gramex Corp. v. Green Supply, Inc., 89 S.W.3d 432, (Mo. banc. 2002).

Under the applicable state law precedent that is available to this Court, the Missouri Defendants are not subject to suit under the Innocent Seller statute. A review of plaintiffs' Complaint in this case reveals that the Missouri Defendants' liability would be based upon the fact that they are a seller in the stream of commerce of the allegedly defective product. Neither of the Missouri Defendants manufactured cigarettes. Plus, the remaining Defendants in this case stated in their Notice of Removal that, although they deny the substance of plaintiffs' allegations, plaintiff would be able to make a full recovery from the product manufacturers without

contribution from the Missouri Defendants.

Plaintiffs vehemently argue that remand is required because plaintiffs have stated a viable claim for fraudulent concealment (Count III) against the Missouri Defendants. Under Missouri law, the "essence of a fraudulent concealment action is that a defendant, by his or her post-negligence conduct, affirmatively intends to conceal from plaintiff the fact that the plaintiff has a claim against the defendant." Batek v. The Curators of the Univ. of Missouri, 920 S.W.2d 895, 900 (Mo. 1996). Plaintiffs have failed to plead their fraudulent concealment claim with the requisite particularity. There is no allegation that the Missouri Defendants knew of any defect in the cigarettes they sold and "affirmatively intended" to conceal these facts from the plaintiff. In fact, the Missouri Defendants' affidavits state otherwise.[1] Plaintiffs fail to point to any facts that reveal fraudulent concealment.

Therefore, the Innocent Seller statute would preclude recovery against the Missouri Defendants on all Counts. Complete diversity exists among the remaining parties and therefore this Court has diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

### IV. Conclusion

Accordingly, based on the above, it is hereby

ORDERED that Plaintiffs' Motion to Remand (Doc. # 19) is denied. This Court has proper subject-matter jurisdiction over this case. It is further

ORDERED that Defendant MFA Petroleum Company's Motion to Dismiss (Doc. # 12) is granted. It is further

---

[1] In determining the validity of plaintiffs' argument, the Court may consider the Petition, affidavits, and other relevant materials. Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185, 187-89 (E.D. Mo. 1995).

ORDERED that Defendant Barber & Sons Tobacco Company's Motion to Dismiss (Doc. # 14) is granted. It is further

ORDERED that based on the Court's April 4, 2006 Order, plaintiffs shall file their responses to the pending Motion to Dismiss (Doc. # 16) within 15 days of the date of this Order and respond to the pending Motion for Summary Judgment (Doc. # 23) within 30 days of the date of this Order.

                                                    /s/Scott O. Wright
                                                    SCOTT O. WRIGHT
                                                    Senior United States District Judge

Dated: April 28, 2006