IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT COURT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAY SPEARS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 03-1151-CV-W-GAF |
| BAYER CORP. and COSENTINO GROUP, INC., | ) ) ) |
| Defendants. | ) ) |

### ORDER

Now pending before the Court are several motions in Plaintiff Jay Spears ("Spears")'s product liability case. The first is a motion to remand filed by Spears. The second motion is a motion to dismiss filed on behalf of Defendant Cosentino Group, Inc. ("Cosentino"). The third is a motion to stay the proceedings filed by Defendant Bayer Corp. ("Bayer"). Spears asserts that the case should be remanded back to state court because Cosentino's presence destroys complete diversity in that Cosentino is a Missouri corporation. Cosentino argues that Spears' claims against it should be dismissed because Missouri's Innocent Seller statute, Mo. Rev. Stat. § 537.762, precludes the imposition of liability upon entities that are merely sellers of products. Finally, Bayer contends that the entire proceeding should be stayed pending transfer to the PPA Multidistrict Litigation 1407 ("MDL"). Given the impact on the other motions, the Court will first consider whether Cosentino is a proper party to this lawsuit in light of Mo. Rev. Stat. § 537.762.

### DISCUSSION

1

I.   Facts

Spears suffered a stroke on November 25, 1998. As a result, Spears sustained catastrophic neurological injuries. Spears alleges that his stroke was caused by a chemical called phenylpropanolomine ("PPA") which was an ingredient in the Alka Seltzer Plus Cold medicine that Spears was taking. In November of 2000, two years after Spears suffered his stroke, the Food and Drug Agency ordered all products containing PPA removed from the market because of the risks associated with the chemical.

The Alka Seltzer Cold medicine was manufactured by Bayer. Spears purchased the cold medicine from Cosentino. In his lawsuit, Spears brought several claims against Bayer and Cosentino. Specifically as to Cosentino, Spears alleged that Cosentino should be strictly liable for the defective cold medicine, that Cosentino had breached express and implied warranties, and that Cosentino had violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.020, 407.025. However, Spears does not state what fraudulent or false pretenses were employed by Cosentino that would violate the MMPA or that Cosentino had knowledge of any product defect that it would have concealed.

II.   Standard - Motion to Remand

Because it would be dispositive of the other motions, the Court will first consider Spears' motion to remand. Cases filed in state court may be removed to federal court if the case would have been within the original jurisdiction of the federal courts. See 28 U.S.C. § 1441(a). If the federal court lacks subject matter jurisdiction over the case, the matter must be remanded back to state court. 28 U.S.C. § 1447(c). The burden of demonstrating removal jurisdiction falls upon the party seeking removal. In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). That means, in a diversity action, the party seeking removal to federal court must establish that there exists complete diversity among the parties and that the

2

amount in controversy prerequisite is satisfied. See 28 U.S.C. § 1332(a).

A defendant's right to remove an action that could have been brought in the federal court system will not be defeated by collusive or fraudulent joinder of a non-diverse defendant. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). "'Joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant[.]'" Richka Enter., Inc. v. Am. Fam. Mut. Ins. Co., 200 F. Supp.2d 1049, 1051 (E.D. Mo. 2001) (quoting Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185, 188 (E.D. Mo. 1995)). Stated another way, "[i]f there is a possibility that the plaintiff has stated a cause of action [against the resident defendant], the joinder is not fraudulent, and the case should be remanded." El Dorado Springs R-2 Sch. Dist. v. Moos, 264 F. Supp. 815, 818-19 (W.D. Mo. 1967).

Whether Spears has a valid cause of action against Cosentino depends on the applicability of Missouri's Innocent Seller statute. According to Spears, the statute is a procedural measure that need not be applied by the federal courts under Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Cosentino argues that the statute is substantive in nature and therefore must be followed by this Court.

In support of his argument, Spears cites to decisions from the Eastern District of Missouri and from the Missouri Court of Appeals which hold that the Innocent Seller statute is procedural in nature and need not be followed in diversity actions. See Pl. Motion for Remand at 9 (citing Pender v. Bell Asbestos Mines, Ltd., 46 F.Supp.2d 937, 940 (E.D. Mo. 1999); Dorsey v. Sekisui Am. Corp., 79 F.Supp.2d 1089, 1091 (E.D. Mo. 1999) and Malone v. Schapun, 965 S.W.2d 177, 182 (Mo. Ct. App. 1997)). Accord Drake v. N. Am. Phillips Corp., 204 F.Supp.2d 1204, 1206 (E.D. Mo. 2002) (relying upon Malone to conclude that the effects of the Innocent Seller law are purely procedural). Spears is correct

3

Case 4:03-cv-01151-GAF   Document 19   Filed 03/29/2004   Page 4 of 7

in his assertion that these cases concluded that the Innocent Seller statute was not a substantive rule, however he failed to cite a recent Missouri Supreme Court decision wherein the state's highest court concluded that the statute reflected a substantive public policy.

In Gramex Corporation v. Green Supply, Inc., 89 S.W.3d 432 (Mo. 2002), the Missouri Supreme Court considered the Innocent Seller statute and concluded that, while it might at first glance appear procedural, it possessed an inherent substantive public policy. Id. at 445. According to the court, the statute reflected an intent by the Missouri legislature to protect "'innocent' wholesalers and retailers from the perils of products liability claims, both procedurally and substantively by section 537.762." Id. at 446. This decision calls into question the validity of the case law cited by Spears, all of which pre-dated Gramex.[2] Because the state's highest court has concluded that the Innocent Seller law is substantive, this

---

[1] This was same conclusion as was reached, nine years earlier, by the Honorable Howard Sachs in Letz v. Turbomeco Engine Corp., Case No. 93-1058, wherein he stated that while some of the statute was "clearly procedural" there was also a substantive portion to the law. 1993 WL 469182 at *1. According to Judge Sachs, the substantive purposes of the statute included narrowing the parties in the lawsuit "to those who would be most culpable." Id.

[2] Even if the Missouri Supreme Court had not expressly stated that the Innocent Seller statute was substantive, this Court likely would have done sone. None of the cases cited by Spears contained a detailed analysis of why the courts believed the law to be procedural. There was no discussion of whether the law defined state rights and obligations, whether it was bound up with laws defining state rights and obligations or whether it was a law of form and mode. See Byrd v. Blue Ridge Rural Elec. Co-op., Inc., 356 U.S. 525, 535-37 (1958). Had this Court been required to do so, it would have concluded that the Innocent Seller statute is a law defining the state rights and obligations of retailers within Missouri. That conclusion would have made application of the law obligatory upon the Court. See Id. at 535 (stating that Erie mandates federal courts to apply state laws defining state-created rights and obligations). Moreover, even if the law were one of form and mode, the Court would have found that disregarding the law would cause plaintiffs to forum shop to federal courts to avoid the imposition of the Innocent Seller law. Such a finding would also have required the Court to apply the law. See Id. at 536-37 (stating that state laws of form and mode must be followed if disregarding such laws would effect the outcome of the suit and there are no countervailing federal considerations); and Hannah v. Plummer, 380 U.S. 460, 466-67 (1965) (stating that the "outcome determination" test, as mention in

4

Court is bound to apply the law in this diversity action.

The Innocent Seller statute appears to have two substantive portions. The first states that the law applies to a case in which the defendant's liability is premised solely upon his status as a seller of the product in the stream of commerce. Mo. Rev. Stat. § 537.762(1). The second substantive part provides that such a defendant may be dismissed from the action if there is before the court another defendant, such as the manufacturer of the allegedly defective product, from whom total recovery may be had. Mo. Rev. Stat. § 537.762(2). The remainder of the law appears to be procedural. See Letz, 1993 WL 469182 at *1 (finding the sixty-day discovery period to be a procedural measure). Accordingly, Cosentino will have shown dismissal is proper if it can establish (1) that its potential liability is based entirely on its status as a seller and (2) that another defendant is properly before the Court from whom total recovery may be sought.

Cosentino has established that any liability it would face is entirely based on its status as a seller of an allegedly defective product in the stream of commerce. Spears argues that it has alleged several theories of recovery against Cosentino including strict liability, breach of express and/or implied warranty, and breach of the MMPA. However, a review of each one of these pleadings in Spears' Complaint reveals that liability would be premised entirely upon Consentino merely being a seller of the allegedly defective product.

Count XI of the Complaint alleges that Cosentino is the "distributor and supplier" of Alka Seltzer Plus Cold medicine and that it "sold this product . . . in the course of [its] business." Complaint at ¶ 72. Count XII alleges that Cosentino, though its sale or distribution of the cold medicine, "expressly warranted"

---

Byrd must be considered with reference to the twin aims underlying the Erie rule, inequitable administration of the laws or forum shopping).

5

that the medicine was safe. Complaint at ¶¶ 77, 78. Count XIII contends that Cosentino impliedly warranted that the product was safe when it "sold, distributed, marketed and/or promoted" the cold medicine. Complaint at ¶ 83. The common element of all these allegations is that Cosentino acted as the seller of the product. There is no allegation that Cosentino tested the medicine, that Cosentino knew of any defect or that Cosentino could have discovered any defect in the product. These allegations are similar to those of Gramex and Letz wherein the application of the Innocent Seller statute was discussed.[3] Based on the language of Spears' own allegations, it is clear that any theory of recovery against Cosentino would be based solely on its status as a seller of the product in the stream of commerce.[4]

In addition to showing that Spears' allegations are devoted solely to Cosentino's status as a seller of the product, Cosentino has shown that there is a proper party before the Court who could be liable to Spears for complete recovery. Defendant Bayer, though it denies the substance of Spears' allegations, states that it is the manufacturer of the allegedly defective product and that it is a party against whom recovery may be had. See Notice of Removal at ¶ III(B)(8). The Court further notes that, given the size of Bayer, Spears would be able to obtain full recovery from it and not need to rely on contribution from Cosentino. See Letz, 1993 WL 469182 at *1 (stating that "elaborate financial inquires" were not required

---

[3] The Missouri Supreme Court in Gramex ultimately did not uphold the dismissal of the defendant who claimed it was an innocent seller on the ground that the evidence did not support the conclusion that the remaining defendants could provide complete recovery. Gramex, 89 S.W.3d at 446. The court in Letz, however, did dismiss the "innocent seller". Letz, 1993 WL 469182 at *1.

[4] With regard to the MMPA claim, Spears' offers only general conclusory statements that simply echo the language of the statute. He offers no specific allegations to support his claims. A party that only "offers [] conclusions and does not contain the ultimate facts or any allegations from which to infer those facts" does not adequately plead a cause of action. St. Anthony's Med. Ctr. v. H.S.H., 974 S.W.2d 606, 612 (Mo. Ct. App. 1998). For this reason, Spears' MMPA claim does not present a colorable theory of liability on the part of Cosentino.

6

to find that a party was before the court against whom recovery could be obtained for the full amount). For these reasons, the Court concludes that Cosentino should be dismissed, without prejudice, from the current lawsuit under the Missouri Innocent Seller statute.

## CONCLUSION

Given the above findings of the Court, that the Innocent Seller statute applies in this diversity action, and that Cosentino has met its burden under the statute, the Court grants Cosentino's motion to dismiss Spears' claims against it. Having so concluded, the Court further finds that there is complete diversity between the parties, and that removal to this Court was proper. Spears' motion to remand is therefore denied. Finally, the Court grants Bayer's motion to stay any further proceedings in this case pending transfer to the PPA MDL.

**IT IS SO ORDERED.**

03/29/2004
DATED

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court