UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M. M., a minor child, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 1:08-cv-1080 |
| | ) |
| MCDONALD'S CORPORATION, | ) |
| d/b/a MCDONALD'S, et al., | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO REMAND**

**COME NOW** Plaintiffs M. M. and M. M., minor children by and through their parents and natural guardians, and Beth Miller and Frank Miller, individuals and as Next Friend of their minor children (hereinafter the "Plaintiffs"), by and through their undersigned counsel, and for their Memorandum of Law in Support of their Motion to Remand, state:

**INTRODUCTION**

Plaintiffs chose their forum to file suit against the defendants in state court[1] and their choice should be honored and preserved. There is no subject matter jurisdiction of this case in this Court. The Court should therefore remand this case back to state court. Simply put, there is no complete diversity of the parties and this case does not involve any federal question. Plaintiffs are indisputably citizens of Missouri where they live in St. Charles County, Missouri. Two of the three defendants are Missouri corporations incorporated in the State of Missouri with their principal place of business in Missouri, meaning the two defendant companies are unquestionably citizens of the state of Missouri. The two Missouri defendants were not fraudulently named or joined in this lawsuit in order to destroy complete diversity of the parties.

---

[1] The Circuit Court of St. Charles County, Missouri.

The Missouri corporations own and operate McDonald's restaurants which served food to the Plaintiffs containing allergens which caused physical injury to the minor Plaintiffs.

## RELEVANT FACTS

The underlying Petition is a multiple count action brought by Missouri Plaintiffs against Defendants—McDonald's Corporation, Christian Foods, L.C. and Alex Bishop, Inc. The Plaintiffs filed the action in the Circuit Court of St. Charles County, Missouri. Christian Foods, L.C. and Alex Bishop, Inc. (hereinafter, the "Missouri Defendants") are Missouri entities, incorporated in the state of Missouri with their principal places of business in the state of Missouri. The Missouri Defendants own and operate McDonald's franchises located in St. Charles County, Missouri.

Plaintiffs allege that French fries and hash browns sold by the Defendants contained gluten (a protein found in wheat, barley, rye and oats) and milk ingredients, yet affirmatively represented to Plaintiffs and to the public that these food products did <u>not</u> contain gluten or milk. One minor Plaintiff, M. M., suffers from a condition known as celiac disease, which is a chronic disease of the digestive tract that interferes with the digestion and absorption of food nutrients. When people with celiac disease, such as the minor Plaintiff, ingest gluten, the mucosa of their intestines is damaged by an inflammatory response. The minor Plaintiff was placed on a **very strict** gluten free diet. Because of this strict diet, M.'s parents specifically asked the Missouri Defendants to verify that the French fries and hash browns were gluten free. The Missouri Defendants assured Plaintiffs that the French fries and hash browns did <u>not</u> contain gluten ingredients. Relying on Missouri Defendants' representations and published product ingredient lists, Plaintiffs purchased, and the minor Plaintiff consumed, McDonald's French fries and hash browns. In direct contradiction to the Defendants' representation, in fact the French fries and

hash browns did contain gluten ingredients, thereby causing injury to the minor Plaintiff who regularly consumed the French fries and hash browns containing these food allergens.

The second minor Plaintiff suffers from autism and was placed on a **very strict** gluten and casein free diet. Casein is a milk protein that, even in trace amounts, can affect an autistic child's behavior, demeanor and ability to stay connected to the world. Gluten also is an ingredient that can alter an autistic child's personality. Once again, Plaintiffs questioned the Missouri Defendants concerning the ingredients of the French fries and hash browns and were told that the French fries and hash browns were free from the gluten and milk ingredients. Relying on this information, Plaintiffs purchased and the minor Plaintiff consumed McDonald's French fries and hash browns, thereby causing him harm.

McDonald's now acknowledges that wheat (gluten) and milk ingredients are used in a flavoring agent added to the frying oil used to prepare the McDonald's French fries and hash browns. The Missouri Defendants, as franchisees of the McDonald's Corporation, do, in fact, handle, prepare and distribute McDonald's food products, including the French fries and hash browns that are the basis of the Plaintiffs' claims.

The Plaintiffs' Petition, filed in state court, alleges theories of strict product liability (defect), strict product liability (failure to warn), fraudulent misrepresentations/negligent misrepresentations/concealment, negligence, breach of express warranty, breach of implied warranties, and violations of the Missouri Merchandising Practices Act. Plaintiffs filed their state court Petition in the Circuit Court of St. Charles County on September 24, 2007.

On October 23, 2007, Defendants filed a Notice of Removal to the United States District Court Eastern District of Missouri Eastern Division, alleging that Plaintiffs have fraudulently joined the Missouri Defendants solely to defeat complete diversity jurisdiction. The Multidistrict

Panel transferred this case to the United States District Court Northern District of Illinois Eastern Division to be combined with other lawsuits involving McDonald's French fries. Plaintiffs now file this Memorandum of Law in support of their Motion to Remand before this Court to return this action to its appropriate place in Missouri state court.

## LEGAL ARGUMENT

**A. No Subject Matter Jurisdiction in this Court**

This action was improperly removed because both the Plaintiffs and the two Missouri Defendants are citizens of the state of Missouri. Diversity jurisdiction requires complete diversity—the citizenship of each plaintiff must be different from the citizenship of each defendant. **Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)**. There is strong presumption that state court jurisdiction is proper, and the statutory right of removal is to be strictly construed. **Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998).** In **Pender v. Bell** the court noted that it "resolves contested area of fact and law in favor of remand." **Pender v. Bell Asbestos Mines, Ltd., 145 F.Supp.2d 1107, 1112 (E.D.Mo. 2001),** quoting **Reeb v. Wal-Mart Stores, Inc., 902 F.Supp 185, 188 (E.D.Mo. 1995)**. In **Pender**, Judge Perry remanded the case to state court by rejecting the defense argument of fraudulent joinder of a Missouri defendant. **Id. at 1110**. Just like in **Pender**, the plaintiffs were Missouri citizens and one of the defendants was a Missouri citizen; thus, destroying complete diversity of the parties. In order to establish fraudulent joinder, the defendant movant bears the burden of proving that "there is no possibility that plaintiff could state a cause of action against the resident defendant." **Id**. **at 1111**.

And recently (March 27, 2008) , Judge Milton Shadur of this Court in **Brztowski v. McDonald's Corp.** remanded the case back to state court under 28 U.S.C. 1447 (c) because it

found that a lack of subject matter jurisdiction existed. Similarly too, the case at bar lacks subject matter jurisdiction and should be remanded to state court.

As is evident from the underlying Petition in this case, Plaintiffs have successfully plead meritorious and viable causes of action against the Missouri Defendants including claims of fraudulent misrepresentation, negligence, failure to warn and violations of the Missouri Merchandising Practices Act. In this case, there is no evidence to suggest that Plaintiffs are not prosecuting their claims against the Missouri Defendants. To the contrary, Plaintiffs intend to proceed full force against the Missouri Defendants.

**1. There is No Fraudulent Joinder of the Defendants**

When alleging fraudulent joinder, the removing party (Defendants) has the burden of proving that either: (1) there is no possibility that the Plaintiffs can establish a cause of action against the Missouri Defendants under the law and facts alleged; or (2) the Plaintiffs have fraudulently pled jurisdictional facts in order to bring the Missouri Defendants into state court. **Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D.Mo. 1995)**. To prove their allegation of fraudulent joinder in this case, the Defendants must demonstrate that there is **no** possibility that the Plaintiffs would be able to establish any cause of action against the Missouri Defendants in state court. The removing party bears a heavy burden in meeting these requirements. **Id.** In addition, the claim of fraudulent joinder must be plead with particularity and supported by clear and convincing evidence. **Parks v. New York Times Co., 308 F.2d 474 (5th Cir. 1962).**

For the joinder of a non-diverse defendant to be legitimate, and to thus defeat diversity jurisdiction, the Plaintiffs need not have a winning case against the allegedly fraudulent defendant; they need only have a possibility of stating any valid cause of action. If there is a

5

"colorable" cause of action in that the state law might impose liability on the resident defendants under the facts alleged, then there is no fraudulent joinder. **Filla v. Norfolk Southern Ry. Co., 336 F. 3d 806 (8th Cir., 2003)** quoting **Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc., 92 F.Supp.2d 891, 903 (N.D.Iowa 2000)**.

The Eighth Circuit Court of Appeals applies a dismissal standard to determine whether a defendant has been fraudulently joined, i.e., "fraudulent joinder exists if, on the face of the plaintiff's state court pleadings, no cause of action lies against the resident defendant." **Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983)**. When construing a motion to remove, a district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve all facts and ambiguities in the current and controlling substantive law in favor of the plaintiff. *See, e.g.*, **Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir. 1999).**

Defendants may not use their Notice of Removal as a disguise for a motion to dismiss and/or motion for summary judgment. Furthermore, as the Eighth Circuit discussed when questioning the sufficiency of the complaint against a non-diverse defendant, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." **Filla 336 F.3d at 811; Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977).**

**2. There is a Clear Lack of Complete Diversity of the Parties**

Plaintiffs are citizens of the state of Missouri. The Missouri Defendants are entities organized and existing under the laws of the State of Missouri with their principal place of business in the State of Missouri, making them citizens of Missouri. A corporation is deemed to

6

be a citizen of the state of its incorporation and of the state of its principal place of business. **28 U.S.C. § 1332(c)**. The Plaintiffs and two of the three defendants are from the same state—Missouri. There is no complete diversity between all of the parties and federal subject matter jurisdiction does not exist.

Defendants wrongfully assert that this Court should not consider the citizenship of two of the three defendants due to fraudulent joinder. In this case no fraudulent joinder occurs. The Missouri Defendants were named as parties to the lawsuit because of their crucial connection to the counts pled. The Missouri Defendants actively told and represented to Plaintiffs that their French fries and hash browns did not contain gluten, wheat or milk ingredients. *See* paragraphs 77-85 of Count III of the Plaintiff's Petition for misrepresentation. Plaintiffs relied on the representations of the Missouri Defendants and purchased and consumed the French fries and hash browns, causing them harm. The Missouri Defendants prepared the French fries and hash browns in their Missouri restaurants and sold them to the Plaintiffs in their Missouri restaurants.

On the face of Plaintiffs' Petition, numerous viable causes of action lie against the resident Missouri Defendants. The misconducts cited in the causes of actions would, under Missouri substantive law, lead to a recovery by Plaintiffs from both of the Missouri Defendants.

**B. The Underlying Petition States Viable Claims Against the Missouri Defendants**

Defendants only specifically address one count of the Plaintiff's Petition (product liability) as grounds for their fraudulent joinder theory, and ignore all the rest of the Plaintiffs' other counts contained in the Petition. Defendants claim that the Missouri Defendants are "innocent sellers" under the Missouri Innocent Seller statute and therefore Plaintiffs cannot recover on a product liability claim against the Missouri Defendants. Further the defendants claim that because Plaintiffs cannot recover against the Missouri Defendants, the Missouri

7

Defendants must be dismissed from the action allowing for diversity jurisdiction. Defendants' reasoning in this case is flawed. Defendants wrongfully ask this Court to judge the merits of a particular count.

This Court must first assess whether joinder is fraudulent and "may not step from the threshold jurisdictional issue into a decision on the merits." **Manning v. Wal-Mart Stores East, Inc.**, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004). The question of the merits of a claim is for the state court to decide. The state court must decide whether Missouri law precludes the claim against the Missouri Defendants in Count I of the Petition, and not this Court, as this Court does not have subject matter jurisdiction over this case. The sole relevant inquiry for this Court in analyzing fraudulent joinder focuses on whether the plaintiff "might" have a "colorable" claim under state law. **Wilkinson v. Shackelford**, 478 F.3d 957, 964 (8th Cir. 2007). This slight legal threshold is easily met by Plaintiffs' Petition. Indeed, Plaintiffs not only state a claim against the Missouri Defendants under the product liability count, but also raise many other actionable claims against the Missouri Defendants in the remaining counts of the Petition.

Plaintiffs make a "colorable" claim against Missouri Defendants even under the product liability cause of action. The French fries and hash browns received from McDonald's cannot be sold to consumers without the Missouri Defendants preparing them. Missouri Defendants have to prepare the French fries and hash browns in their restaurants by cooking them. At any time in the preparation process, the Missouri Defendants can modify the original product. They cook the French fries and hash browns in oil which could have been used with other food products, causing cross-contamination of allergen ingredients. Therefore, the Defendants' argument of using the Innocent Seller statute fails because Missouri Defendants do not solely (without any intervention) sell the French fries and hash browns in the stream of commerce.

Furthermore, the Defendants do not meet their burden in pleading with particularity in their Notice of Removal that <u>all</u> counts in Plaintiffs' Petition have no possibility of establishing a cause of action against the Missouri Defendants in state court.  In deciding whether this Court has subject matter jurisdiction, the "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved" and does not require this Court to apply the state law in determining the outcome.  **<u>Filla</u>, 336 F.3d at 811.**

Defendants have generically claimed that Plaintiffs have not pled any wrongdoing on the part of the Missouri Defendants.  To the contrary, Plaintiffs have alleged numerous counts against the Missouri Defendants.  Defendants allege that Missouri Defendants did "advertise or promote" the French fries and hash browns as gluten free and containing no wheat or milk ingredients.  As pled in their Petition, Plaintiffs asked the representative employees at the Missouri Defendants' restaurants to verify that the French fries and hash browns would be free of gluten, wheat and milk ingredients.  Missouri Defendants' representatives assured Plaintiffs that the French fries and hash browns were free of the gluten, wheat and milk ingredients. Plaintiffs relied on these affirmative representations made by the Missouri Defendants and their agents in purchasing and consuming the French fries and hash browns.  Therefore, Missouri Defendants did **promote** that the French fries and hash browns were free from the ingredients of gluten, wheat and milk.  If proven at trial, these factual allegations state viable claims against the Missouri Defendants for fraudulent representation (Count III), strict product liability based on a failure to warn (Count II), negligence (Count IV), breach of express warranty (Count V), breach of implied warranties (Count VI) and violations of the Missouri Merchandise Practices Act (Count VII).

In order to require this case to be remanded to state court, it is only necessary for the Plaintiffs to have pled "arguable" or "colorable" Missouri causes of action against the Missouri Defendants. Plaintiffs have properly pled numerous viable Missouri causes of action against the Missouri Defendants. As the party seeking removal by asserting fraudulent joinder, Defendants have failed to bear their burden of proving the alleged fraud with particularity.

### Strict Liability (Failure to Warn)

In Count II of the Petition, Plaintiffs have properly pled a cause of action for strict liability for failure to warn against the Missouri Defendants. The Petition alleges the necessary elements of this cause of action.

### Fraudulent and/or Negligent Misrepresentation

In Count III of the Petition, Plaintiffs have properly pled a cause of action that Missouri Defendants affirmatively misrepresented, both through publicity and advertising, and directly through its agents and managers, that the French fries and hash browns were gluten, wheat and milk free, and safe for the consumption by an allergic or sensitive person. In Missouri, the cause of action based on the tort of fraudulent and/or negligent misrepresentation is recognized. The necessary elements of this cause of action are pled in this count.

### Negligence

In Count IV of the Petition, Plaintiffs have again properly pled a cause of action of negligence against the Missouri Defendants.

### Breach of Express Warranty

In Count V of the Petition, Plaintiffs have properly pled a cause of action of breach of express warranty by the Missouri Defendants. The express warranties are not only advertising and promotional materials, but clearly the most overwhelming is the express verbal

communications made by the Defendants' agents and representatives to the Plaintiffs. "An express warranty may be created by an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." **Carpenter v. Chrysler Corp.**, **853 S.W.2d 346, 357 (Mo.App. 1993).** Furthermore, "if the representation is a statement of fact, a petition alleging such a misrepresentation may sufficiently state a claim for breach of express warranty." **Id.**; *see also* **Clark v. Olson, 726 S.W.2d 718, 719-20 (Mo. banc 1987).** Plaintiffs have alleged the misrepresentation of facts as to the ingredients of the French fries and hash browns that Missouri Defendants expressed.

### Breach of Implied Warranties

In Count VI of the Petition, Plaintiffs have properly pled a cause of action of breach of implied warranties by the Missouri Defendants. The Missouri Defendants breached their implied warranty that the French fries were merchantable and fit for the intended use as food to be consumed by a person with known susceptibility to gluten, wheat and milk ingredients. Under Missouri law, the elements of pleading a breach of implied warranty for a particular purpose are well established and included in the Petition.

In the instant case, not only do Plaintiff allege that the Missouri Defendants had knowledge of the Plaintiffs' purpose, i.e. ingestion by a sensitive person and provided a product unsuitable for that purpose, but Plaintiffs' allege that the Missouri Defendants affirmatively represented that the French fries were safe for this purpose since they were presented to Plaintiffs as gluten, wheat and milk free.

### Violation of Missouri's Merchandising Practices Act

In Count VII of the Petition, Plaintiffs have properly pled a cause of action for violation of the Missouri Merchandise Practices Act by the Missouri Defendants. Plaintiffs have properly

pled a cause of action that Missouri Defendants have violated the Missouri Merchandising Practices Act, Section 407.010, RSMo., et seq. The Merchandising Practices Act was created to supplement the definition of common-law fraud by attempting to preserve fundamental honesty, fair play and right dealings in public transactions. **State ex rel. Danforth v. Independence Dodge, Inc., 494 S.W.2d 362, 368 (Mo. App. 1973).** "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. . . in or from the state of Missouri, is declared to be an unlawful practice." RSMo. §407.020.1. The language of the statute is "broad in scope in order to prevent evasion by overly meticulous definitions" of whether fair dealing has been violated. **State ex rel. Webster v. Areaco Inv. Co., 756 S.W.2d 633, 635 (Mo.App. 1988)**.

Plaintiffs have pled that Missouri Defendants deceived, misrepresented, concealed and omitted the material facts of the ingredients in the French fries and hash browns when questioned specifically about the content of these food items during the sale of these products to Plaintiffs. Plaintiffs relied on these false representations and were harmed because of them.

**C. Plaintiffs Seek Damages Based On Personal Injury Claims**

Plaintiffs filed a Petition in the state court of Missouri seeking damages for personal injuries that were sustained as a result of Defendants' negligence, deceit, misrepresentations, omissions and breaches and failure to warn of the ingredients that caused harm to Plaintiffs. The cases in the multi-district litigation before this Court focus only on economic damages. Plaintiffs do not waive their rights to seek **all** damages, including those as a result of personal injuries.

Plaintiffs in this tag-along case have not agreed to limit damages relating to personal injuries as opposed to other cases in the multidistrict litigation pursuing economic damages.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Remand and remand this case back to Missouri state court.  There is no complete diversity of citizenship among the parties.   This Court lacks subject matter jurisdiction which cannot be ignored. Plaintiffs are citizens of Missouri, and two of the defendant corporations were incorporated in Missouri and have their principal place of business in Missouri, making them citizens of Missouri.  The two Missouri Defendants were not fraudulently joined in this case.  The underlying suit involves primarily state law claims that do not involve any federal law or statute. The underlying Missouri-based substantive claims state valid and viable causes of action against the Missouri Defendants.  Furthermore, Plaintiffs seek damages resulting from personal injuries that Plaintiffs sustained after eating the French fries and hash browns containing ingredients harmful to the Plaintiffs.

Dated: April 8, 2008.

                              Respectfully submitted,

                              **RECHENBERG LAW, LLC**

                   By:      /s/ Paul N. Rechenberg
                         Paul N. Rechenberg,  MOUSDC #35039
                         paul@rechenberglaw.com
                         Chesterfield Business Parkway
                         Chesterfield, MO 63005
                         (636) 728-1900
                         (636) 530-6805 (facsimile)
                         Admitted *Pro Hac Vice*
                         COUNSEL FOR PLAINTIFFS
                              and

                    Brian W. Smith
                    SMITH & VANTURE, LLP
                    1615 Forum Place
                    Suite 4-C
                    West Palm Beach, Florida 33401
                    (561) 684-6330
                    FAX (561) 688-0630
                    E-mail: bws@smithvanture.com
                    COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of April, 2008 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Kevin M. Smith
SHOOK, HARDY & BACON L.L.P
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550
ATTORNEYS FOR MCDONALD'S CORPORATION

**VIA ELECTRONIC MAIL**
Michael A. Pope
Christopher M. Murphy Attorneys for McDonald's Corp.
Geoffrey A. Vance McDonald's Restaurants of
McDermott, Will & Emery California, Inc., and King Group,
227 West Monroe St. Inc.
Suite 4400
Chicago, IL 60606
E-mail: gvance@mwe.com
cmurphy@mwe.com
mpope@mwe.com

Larry D. Drury Attorney for Debra Moffatt
LARRY D. DRURY, LTD.
205 W. Randolph
Suite 1430
Chicago, Illinois 60606
(312) 346-7950
FAX (312) 346-5777
E-mail: ldrurylaw@aol.com
*Co-Lead Counsel*

Athan T. Tsimpedes Attorney for Cynthia Tsimpedes, Next Friend of Elene Tsimpedes
LAW OFFICES OF ATHAN T. TSIMPEDES 1420 New York Avenue, NW
7th Floor
Washington, DC 20005
(202) 638-2100
FAX (202) 449-3499
E-mail: atsimpedes@comcast.net
*Co-Lead Counsel*

Thomas E. Pakenas Attorney for Debra Moffatt
DALE AND PAKENAS
641 W. Lake Street
Suite 400
Chicago, Illinois 60661
(312) 258-1800
E-mail: tpakenas@earthlink.net
*Co-Liaison Counsel*

Edward H. Zebersky Attorney for David and Cherilyn Levy individually and as parents and legal guardians of their daughter Sydni Levy

ZEBERSKY & PAYNE, LLP
400 Hollywood Blvd.
Suite 400-N
Hollywood, Florida 33021
(954) 989-6333
FAX (954) 989-7781
E-mail: ezebersky@zpklaw.com

Gary M. Farmer Attorney for David and Cherilyn Levy individually and as parents and legal guardians of their daughter Sydni Levy

FREEDLAND, FARMER, RUSSO
& SHELLER, PL
2665 Executive Park Dr.
Suite 3
Weston, Florida 33331
(954) 467-6400
E-mail: gary@westonlawyers.com
*Co-Lead Counsel*

Michael S. Shipwash Attorney for Amanda Spaid and Scott Spaid, individually and on behalf of minor children, Sean, Sarah and Adam Spaid
LAW OFFICE OF MICHAEL S. SHIPWASH
9040 Executive Park
Suite 315
Knoxville, TN 37923
(865) 691-4454

E-mail: mikeshipwash@shipwashlaw.com

Thomas G.A. Herz, Jr. Attorney for Alissa Krinsky, Jenna Friedman, and Dave Burdi
LAW OFFICES OF THOMAS G.A. HERZ, JR.
39 S. LaSalle Street, Suite 720
Chicago, Illinois 60603
(312) 236-4379
FAX (312) 267-6901
E-mail: tgahlaw@yahoo.com

David W.T. Brown Attorneys for Kathryn E. Stepkowski, R.K. and Shiloh Knoll
Paul E. Heidenreich
HUSKINSON & BROWN, LLP
865 Manhattan Beach Blvd.
Suite 200
Manhattan Beach, CA 90255
(310) 545-5459
E-mail: huskinsonbrown@att.net

Robert J. Shelist Attorneys for Alissa Krinsky, Jenna Friedman, and Dave Burdi
Mark A. Schwartz
SHELIST & SCHWARTZ, LLP
1061 W. Monroe Street
Chicago, Illinois 60607
(312) 226-0675
FAX (312) 226-1053
E-mail: rjsattorny@aol.com
schwartzlawfirm@comcast.net
*Co-Liaison Counsel*

Jordan L. Lurie
Zev B. Zysman Attorneys for Kathryn E. Stepkowski
WEISS & LURIE
10940 Wilshire Blvd.
23rd Floor
Los Angeles, CA 90024
(310) 208-2800
E-mail: jlurie@wllawca.com
lparker@weisslurie.com
zzysman@weisslurie.com
*Co-Lead Counsel*

Charles Dittmer, Jr. Attorney for Megan Noblett and Chris Noblett
3005 Harvard Avenue Suite 101
Metairie, LA 70006
(504) 887-2700
Email: cwdjrlawyer@netscape.net

16

Joseph R. Rydzewski Attorney for Angelina Salvo and Kenneth
HCR 6, Box 6025 Salvo
Hawley, PA 18428
(570)226-6229
Email: joerr@poconolawyers.com

Kenneth B. McClain Attorneys for Allison W. Merriott and R. Todd Merriott
Scott B. Hall
HUMPHREY, FARRINGTON &
MCCLAIN, P.C.
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050
FAX: (816)836-8966
Email: kbm@hfmlegal.com
sbh@hfmlegal.com

**VIA US MAIL**
Albert J. Holly Attorney for Joseph Carlson
7919 Friars Ct. Lane
Spring, TX 77379-7120
(281) 370-1084

          /s/ Paul N. Rechenberg